## BOROUGH OF BRADFORD WOODS

### v.

## James C. PLATTS and Deborah Platts, husband and wife, Appellants.

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2002.

Decided June 7, 2002.

Richard W. Kelly, Jr., Pittsburgh, for appellants.

John H. Rushford, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and DOYLE, Senior Judge.

OPINION BY Senior Judge DOYLE.

James C. Platts and Deborah Platts, husband and wife, appeal an order of the Court of Common Pleas of Allegheny County that entered a judgment against them in the amount of $28,618.49 for fines, attorney fees, and costs related to their violation of the Borough of Bradford Woods (Borough) Zoning Ordinance.

The Platts reside in a single-family residential zoning district (R 1 district) in the borough. Commercial activities are not permitted in the R 1 district, but Section

302.2 of the Borough Zoning Ordinance permits, as an accessory use, the pursuit of home occupations. To qualify as a permitted accessory use, however, the home occupations must be customarily incidental and "clearly subordinate" to the principal residential use of the dwelling.

Beginning some time prior to 1993, the Platts operated two businesses from their home, *viz.*, Pinnacle Building Company, a multi-million dollar construction company, and Pinnacle Development Group, a real estate development, decorating, and consulting services business. On January 21, 1993, pursuant to Section 616.1 of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. § 10616.1, the Borough initiated enforcement proceedings against the Platts by sending them an enforcement notice, indicating that the Platts were in violation of Section 302.2 of the Borough Ordinance relating to home occupations. The Platts filed a timely appeal with the Zoning Hearing Board of the Borough of Bradford Falls (Board). The Board denied the Platts' appeal, determining that the Platts were conducting a prohibited commercial activity in a residential zoning district and that such activity was not considered a home occupation allowed as an accessory use under Section 302.2 of the ordinance. The Platts appealed the decision of the Board to the Court of Common Pleas of Allegheny County. The Common Pleas Court affirmed the decision of the Board and the Platts appealed to this Court.

On January 12, 1995, we issued an opinion and order affirming the decision of the Common Pleas Court. *Platts v. Zoning Hearing Board*, 654 A.2d 149 (Pa.Cmwlth. 1995). We determined that the Platts' businesses were in fact commercial activities, not home occupations, and that such activities were prohibited in the R–1 district. *Id.* The Platts subsequently filed a petition for allowance of appeal with the

---

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202. Section 616.1 of the MPC was added by the Act of December 21, 1988, P.L. 1329, and provides as follows:

**Enforcement notice**

(a) If it appears to the municipality that a violation of any zoning ordinance enacted under this act or prior enabling laws has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice as provided in this section.

(b) The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel, and to any other person requested in writing by the owner of record.

(c) An enforcement notice shall state at least the following:

(1) The name of the owner of record and any other person against whom the municipality intends to take action.

(2) The location of the property in violation.

(3) *The specific violation with a description* of the requirements which have not been met, citing in each instance the applicable provisions of the ordinance.

(4) The date before which the steps for compliance must be commenced and the date before which the steps must be completed.

(5) That the recipient of the notice has the right to appeal to the zoning hearing board within a prescribed period of time in accordance with procedures set forth in the ordinance.

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

(d) In any appeal of an *enforcement notice* to the zoning hearing board, the municipality shall have the responsibility of presenting its evidence first.

(e) Any filing fee paid by a party to appeal an *enforcement notice* to the zoning hearing board shall be returned to the appealing party by the municipality if the zoning hearing board or any court in a subsequent appeal rules in the appealing party's favor.

53 P.S. § 10616.1.

Supreme Court, but their petition was denied on June 2, 1995.

Following the denial of the Platts' petition by the Supreme Court, the Borough sent a letter to the Platts on June 14, 1995, informing them of the final determination of the litigation regarding the zoning violation, and advising them that the unlawful commercial use of the property must terminate immediately, and that they must remove "all operations of both Pinnacle Building Company and Pinnacle Development Group" within thirty days.[2] Although the Platts ceased to operate the business activity of Pinnacle Development Group, they continued, however, to operate their building business from the residence until October 13, 1995.[3] As a result of the Platts' continued commercial activity at their residence following the thirty-day period, the Borough initiated enforcement proceedings against the Platts on July 26, 1995, by filing a complaint against them with a district justice alleging a zoning violation "on July 18, 1995, and thereafter." (Civil Complaint).

The Borough prevailed before the district justice and judgment was entered for $9,217.50. The Platts appealed by filing a Notice of Appeal and Rule to File Complaint with the Court of Common Pleas of Allegheny County. The Common Pleas Court, in an order dated December 14, 1999, determined that the Borough had pursued enforcement of its zoning ordinance since January 21, 1993; that it had been conclusively determined that the Platts violated the ordinance; and that the Borough was entitled to costs and attorney fees in the amount of $28,618.49. The Platts sought post-trial relief but the Common Pleas Court denied their motion and, in a memorandum opinion and order dated July 10, 2001, assessed a $1 fine against them and entered judgment in favor of the Borough for a total of $28,618.49. The instant appeal to this Court followed.

■ The Platts present three issues for our review: 1) whether the Borough failed to establish that the Platts were in violation of the zoning ordinance between July 18, 1995, and October 13, 1995;[4] 2) whether, under Section 617.2 of the MPC, 53

2. (Letter from the Borough to the Platts, dated June 14, 1995). The text of the June 14, 1995, letter, received by the Platts on June 19, 1995, provided as follows:

> The undersigned is the Zoning Officer of the Borough of Bradford Woods.
> The Borough has received notice that the Supreme Court of Pennsylvania has denied your petition for allowance of appeal which terminates the litigation relative to your property. Since it has been judicially determined that you are operating two (2) commercial enterprises at the property, neither of which is permitted in a residential zoning district, such use must be terminated immediately.
> Accordingly, this letter is intended as formal notice to you that any and all operations of both Pinnacle Building Company and Pinnacle Development Group must be removed from your residential property within thirty (30) days of your receipt of

> this notice. Your failure to terminate such uses entirely within the specified time period will result in enforcement proceedings being initiated against you.
> *Id.*

3. The parties have stipulated that Pinnacle Development Group ceased to operate in the R–1 district as of June 2, 1995, but Pinnacle Building Company continued to operate there until October 13, 1995. (Stipulated Facts Nos. 15–16).

4. The Platts present this first issue as a question of whether the Borough failed to establish that the Platts violated the ordinance "on or after October 13, 1995." (Appellant's Brief at 4). Their argument, however, clearly addresses the question of whether the Borough established that the Platts were in violation of the ordinance on or after July 18, 1995 (the date upon which they were to comply with the Borough's June 14, 1995, letter).

P.S. § 10617.2, the Borough is entitled to attorney fees incurred in connection with the proceedings before the Zoning Hearing Board (including appeals therefrom) or simply the fees incurred in connection with the enforcement proceedings before the district justice; and 3) whether attorney fees totaling $27,551 are reasonable when incurred to collect a fine of $1.[5]

■ With regard to the first issue presented, the Platts argue that the Borough had the burden to show that they were liable for violations of the ordinance from July 18, 1995, to October 13, 1995, and that the Borough failed to meet this burden. Specifically, the Platts contend that the Borough's letter of June 14, 1995, permitted them until July 18, 1995, to cease their violations of the ordinance, and because no evidence was offered that they continued to be in violation of the ordinance following the July 18, 1995, deadline, no judgment should have been entered against them. We disagree.

In denying the Platts' appeal from the original January 21, 1993, enforcement notice, the Zoning Hearing Board determined, in part, as follows:

1. Section 302 of the Zoning Ordinance is entitled Accessory Uses and the Zoning Ordinance defines Accessory Uses in Section 601.1 as:

A use customarily incidental and subordinate to the principal use and located on the same lot as the principal use, but not a dwelling unit.

2. One of the accessory uses defined in the Zoning Ordinance is for Home Occupations which is defined at Section 302.2 . . . .

3. The [Platts'] multi-million dollar construction and land development busi-

nesses . . . clearly are not customarily incidental to nor clearly subordinate to the use of the [Platts'] dwelling.

4. The record contains no evidence that the substantial construction and land development businesses occupying the [Platts'] home . . . are customarily associated with or incidental to residential uses either in the Borough of Bradford Woods or generally.

5. A practical and sensible approach leaves no doubt that the [Platts'] use of their residence is not a customary use of a dwelling such as sewing, cooking, a home hobby of ceramics or an artist's studio.

6. The [Platts'] use of their residence for Pinnacle Building Company and Pinnacle Development Group is not customarily incidental to single family dwellings but rather a commercial use not ordinarily conducted in a home.

. . . .

8. The [Platts'] activities at the property constitute the operation of commercial businesses which uses are not permitted in the subject R 1 Single Family Residence District.

9. The [Platts'] argument in favor of the requested home occupation is based on their contention that the activities constitute the pursuit of vocational or avocational interests.

10. The [Platts] may be pursuing their vocational or avocational interests at the Property, however, those activities are clearly commercial in nature and are not customarily incidental or clearly subordinate to a single family residence use.

(Board Opinion, July 9, 1993, at 8–11) (citations omitted).

---

5. In an appeal from a trial court's decision in a zoning enforcement proceeding, our review is limited to determining whether Common Pleas committed an abuse of discretion or error of law. *Commonwealth v. Marcus,* 690 A.2d 842 (Pa.Cmwlth.1997).

The trial court, on appeal, affirmed the Board, stating that the "decision of the [Board] denying the appeal for the use of residential property at 100 Burry Road for two commercial enterprises is hereby affirmed." (Common Pleas Order, April 19, 1994). This Court, on further appeal, concluded that the Board's and the trial court's conclusions were correct in that a construction business and a real estate development and consulting business are not the type of activity generally found to be home occupations, and that there was no evidence presented to establish that the Platts' businesses were "customarily associated with residences in the Borough or generally." *Platts,* 654 A.2d at 153. Thus, the ultimate conclusion of the Platts' appeal resulted in a determination that the operation of the Platts' businesses, on any scale, on January 21, 1993, and thereafter, was a violation of the ordinance because the businesses were commercial activities, not "home occupations," and that the commercial activity could not, therefore, be conducted in the R–1 district.[6]

Upon the conclusion of the initial litigation, and the resulting final determination that the Platts were in violation of the ordinance on and after January 21, 1993, the Borough was entitled to pursue enforcement remedies against the Platts pursuant to Section 617.2 of the MPC.[7] The Borough, at that time, could have informed the Platts not only to immediately cease all of their commercial activity, which the Borough did, but also to immediately remove all evidence of the commercial operations from their residential property. The Borough, however, allowed the Platts an additional thirty days to remove "any and all operations" of the two businesses. (*See* Borough's Letter, *supra* note 2). Faced with this opportunity, the Platts, having already ceased operating Pinnacle Development Group from their residence, simply curtailed the activities related to Pinnacle Building Company. As we have stated, however, the operation of the Platts' construction business, **on any scale,** was determined to be a violation of the ordinance.[8] Thus, the Platts remained

6. The Platts concede that their appeal of the January 21, 1993, enforcement notice resulted in a conclusive determination that the operation of Pinnacle Building Company at their premises constituted a prohibited commercial business. (Appellants' Brief at 11).

7. Section 617.2 of the MPC, which was added by the Act of December 21, 1998, P.L. 1329, provides, in pertinent part, as follows:

**Enforcement remedies**
    (a) Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof. No judgment shall commence or be imposed, levied or payable until the date of the determination of a violation by the dis-

trict justice. If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure. Each day that a violation continues shall constitute a separate violation, unless the district justice determining that there has been a violation further determines that there was a good faith basis for the person, partnership or corporation violating the ordinance to have believed that there was no such violation, in which event there shall be deemed to have been only one such violation until the fifth day following the date of the determination of a violation by the district justice and thereafter each day that a violation continues shall constitute a separate violation. All judgments, costs and reasonable attorney fees collected for the violation of zoning ordinances shall be paid over to the municipality whose ordinance has been violated.
53 P.S. § 10617.2.

8. We note that the language of the Court of Common Pleas of Allegheny County, in its

in violation of the ordinance for as long as they operated Pinnacle Building Company from their residence.

The Platts have stipulated that they continued to operate Pinnacle Building Company from their residence until October 13, 1995. (Stipulated Fact No. 15). Therefore, regardless of whether the June 14, 1995, letter allowed an opportunity to "cure" the violation, as the Platts allege, based on the stipulated facts, the Platts did *not* "cure" the violation and they were in violation of the ordinance at least until October 13, 1995. Accordingly, Common Pleas did not err in, first, holding that the Platts were liable for violating the ordinance and, second, awarding costs and attorney fees to the Borough.

■ Next, the Platts contend that, even if they are liable for a violation of the zoning ordinance, pursuant to Section 617.2 of the MPC, the Borough may only collect fees and costs resulting from the civil enforcement proceeding before the district justice, and not for fees or costs incurred as a result of prior proceedings before the zoning hearing board regarding whether or not a violation existed. Again, we must disagree.

As previously stated, Section 617.2(a) of the MPC provides, in pertinent part, as follows:

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance ... shall, upon being found liable therefor in a civil

enforcement proceeding commenced by a municipality, pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result **thereof.**

53 P.S. § 10617.2(a) (emphasis added). The Platts contend that the term "thereof," in the clause "including reasonable attorney fees incurred ... as a result thereof," applies to the phrase "upon being found liable therefor in a civil enforcement proceeding commenced by a municipality," such that a person found liable of violating a zoning ordinance is only liable for costs and attorneys fees related to the enforcement proceeding before the district justice. The Platts, however, do not offer any support for this assertion.

■ Pursuant to the rules of statutory construction, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903. The phrase referred to by the Platts is a nonessential adverbial phrase that simply indicates a condition that must be established before an individual will be required to pay a fine, costs, and attorney fees. *See* WILLIAM A. SABIN, THE GREGG REFERENCE MANUAL 557–58 (9th ed.2001). Because the phrase is, grammatically, a nonessential phrase, its exclusion does not change the meaning of the sentence:

Any person, partnership or corporation who or which has violated or per-

memorandum opinion deciding the Platts' appeal from the Board, misinterpreted the Board's decision when it stated, "The business operations at 100 Burry Road must be scaled back so as to achieve conformity with the Bradford Woods Zoning Ordinance." (Common Pleas Opinion, April 19, 1994, at 5). In addition, Common Pleas in the present action misinterpreted our prior holding in *Platts* when, deciding a Motion for Judgment

on the Pleadings, it stated, "it appearing that defendants' defense to the claim is ... that the operations of Pinnacle Building Corp. have been substantially curtailed so as to bring these operations in compliance with the provisions of the zoning ordinance allowing accessory uses, it appearing that this defense is not inconsistent with prior rulings in this litigation...." (Common Pleas Order, December 2, 1996, at 1–2).

mitted the violation of the provisions of any zoning ordinance ... shall ... pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof.

Thus, the term "thereof" clearly applies to "violation" such that a person found liable at a civil enforcement proceeding must pay costs and attorney fees that result from the **violation,** not simply the civil enforcement proceeding. We find additional support for this interpretation in the last part of Section 617.2(a), which provides that

> [a]ll judgments, costs and **reasonable attorney fees collected for the violation of zoning ordinances** shall be paid over to the municipality whose ordinance has been violated.

53 P.S. § 10617.2(a). Furthermore, as provided in Section 616.1 of the MPC, an enforcement proceeding is initiated as soon as an enforcement notice is sent to the property owner. An appeal to the zoning hearing board regarding such a notice is part and parcel of the enforcement proceeding because a property owner may not be found liable unless there is a conclusive determination of a violation, either through the appeal process or by a failure to appeal the notice. *See Johnston v. Upper Macungie Township,* 162 Pa.Cmwlth. 170, 638 A.2d 408 (1994); *see also City of Erie v. Freitus,* 681 A.2d 840 (Pa.Cmwlth.1996). Thus, we hold that an award of costs and attorney fees pursuant to Section 617.2 of the MPC is not limited to costs and fees incurred as a result of the action before the district justice but includes all costs and attorney fees incurred as a result of

the violation, which may encompass appeals from the enforcement notice. As such, Common Pleas properly awarded to the Borough costs and attorney fees related to the Platts' appeal from the enforcement notice.

■■■ The Platts continue, however, by contending that, regardless of whether Common Pleas properly awarded costs and attorney fees in connection with the prior proceedings before the Board and the appeals that followed, fees totaling $27,551 are not "reasonable," as required by Section 617.2, when incurred to collect a fine of $1. The "reasonableness" of attorney fees, however, is a matter to be decided through the sound discretion of the trial court, and an appellate court should not alter such a decision unless there has been a clear abuse of discretion. *In re LaRocca's Trust Estate,* 431 Pa. 542, 246 A.2d 337 (1968). The Platts assert that Common Pleas abused its discretion by awarding attorney fees that were not in proportion with the fine to be imposed. This argument, however, assumes that there was some pecuniary goal to be accomplished by the Borough such that the amount of fines it was awarded should be considered in determining the reasonableness of the fees charged by the Borough's attorneys. Although we recognize that the value of a judgment is a factor that has been considered in determining the reasonableness of attorney fees,[9] the reasonableness of attorney fees incurred through enforcement of a zoning ordinance is not necessarily determined by the monetary value of the fines awarded.

---

9. *See McCauslin v. Reliance Finance Co.,* 751 A.2d 683 (Pa.Super.2000) (holding that the award of attorney fees that were twice the actual damages awarded raised a question regarding the reasonableness of the fee award); *Logan v. Marks,* 704 A.2d 671 (Pa.Super.1997) (stating that the "degree of success is the critical consideration in determining an appropriate fee award"). *But see Mountain View Condominium Association v. Bomersbach,* 734 A.2d 468 (Pa.Cmwlth.1999) (affirming award of $46,548.64 in attorney fees incurred to collect $1,200).

■ Just as the purpose of the enactment of a zoning ordinance is to promote the health, safety, morals and general welfare of the community, *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 491 A.2d 86 (1985), it logically follows that the purpose of the enforcement of that ordinance should likewise be to ensure that the health, safety, morals, and general welfare of the community are protected. Thus, the goal of an enforcement proceeding initiated under Section 616.1 of the MPC is to ensure compliance with a zoning ordinance such that the community is protected. The reasonableness of attorney fees incurred in the pursuit of such a goal is difficult to measure on the basis of monetary value alone because the greatest value in a successful enforcement proceeding would be obtaining compliance with the ordinance. Perhaps a better basis upon which the reasonableness of attorney fees should be gauged, when incurred over the course of enforcement of a zoning ordinance, would include the amount of work performed by the attorney, character of the services rendered, difficulty of the problems involved, and the professional skill and standing of the attorney in the profession. *See LaRocca* (outlining criteria upon which the reasonableness of attorney fees may be determined). Therefore, we hold that, in the context of Section 617.2 of the MPC, attorney fees may be deemed "reasonable" despite a lack of proportionality with the ultimate fine imposed on the violator of the zoning ordinance.

In the present case, there is no indication that the attorney fees incurred by the Borough through enforcement of its zoning ordinance were unreasonable in light of the amount of work performed by the Borough's attorneys, the character of the services rendered, the difficulty of the problems involved, or the professional skill and standing of the attorneys. Thus, we fail to see any abuse of discretion on the part of Common Pleas in awarding $27,551 in attorney fees to the Borough.

Accordingly, the order of Common Pleas is affirmed.

Judge PELLEGRINI dissents.

### ORDER

**NOW,** *June 7, 2002,* the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.