# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1019

_____

American Travelers Life Insurance     *
Company, now known as Conseco         *
Senior Health Insurance Company,      *
                                      *
          Appellant,                  *
                                      *
     v.                               *
                                      *
AIG Life Insurance Company,           *
                                      *
          Appellee.                   *


_____                Appeals from the United States
                           District Court for the
No. 03-1020                District of North Dakota.

_____

American Travelers Life Insurance     *
Company, now known as Conseco         *
Senior Health Insurance Company,      *
                                      *
          Appellee,                   *
                                      *
     v.                               *
                                      *
AIG Life Insurance Company,           *
                                      *
          Appellant.                  *

_____

Submitted: October 20, 2003

Filed: January 7, 2004

_____

Before BYE, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

American Travelers Life Insurance Company n/k/a Conseco Senior Health Insurance Company appeals the district court's[1] grant of summary judgment and order awarding attorney's fees to AIG Life Insurance Company. AIG appeals the district court's reduction of the amount claimed for attorney's fees and the court's refusal to award indemnification for AIG's $5000 settlement contribution. We affirm.

I

This case arises out of the issuance of a long-term nursing home healthcare insurance policy sold to Arden Haley by AIG in September 1986. Coverage was to commence only in the event the nursing home stay was preceded by a hospital stay of at least three consecutive days. In effect on July 12, 1989, the State of North Dakota, pursuant to N.D.C.C. § 26.1-45-07, prohibited the use of such clauses in long-term nursing home healthcare policies. AIG did not bring the new law to Haley's attention or offer a different policy.

In August 1991, AIG sold its entire book of long-term nursing home healthcare business to Conseco. The purchase agreement is governed by Pennsylvania law and contains the following provision,

_____

[1]The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

[AIG] hereby grants, transfers and assigns absolutely to [Conseco] any rights it has, had or may have to impose any defense, set-off or recoupment, whether under the terms of a Policy or otherwise, on account of any claim arising from a loss in respect of a Policy on and after the Closing Date (other than claims reserved by [AIG] under paragraph 2.2(a) hereof).

The purchase agreement also contained the following indemnification clause,

Subject to the terms and conditions of this Agreement, [Conseco] hereby agrees for the benefit of [AIG Life] to assume, carry out, pay and perform, on and after the Closing Date, those duties and obligations required to be performed in respect of the insured under Policies, including all renewals. Such obligations will include the payment of all claims or amounts due to such persons whether or not the claim was made or incurred before or after the Closing Date. [Conseco] will indemnify [AIG Life] and save it harmless from and against all such duties and obligations.

Upon assuming AIG's policies, Conseco sent a letter to policyholders stating,

The purpose of this letter is to inform you of an agreement reached between [AIG] and [Conseco]. This agreement provides that effective June 30, 1991, [Conseco] reinsured and assumed all of AIG's group and individual nursing home and other long term care policies. Your policy is included in this group of policies. This 'reinsurance and assumption' means that [Conseco] has assumed all responsibility for the payment of benefits under your policy. Similarly, [Conseco] will be responsible for the billing and collection of your premiums.

Conseco's letter to Haley advised it was in her best interests to maintain the policy because no better long-term healthcare policy existed. Conseco did not bring § 26.1-45-07 to Haley's attention or offer a policy without a three-day hospitalization clause.

-3-

Haley continued her coverage after Conseco assumed the policy and on April 22, 1997, was admitted to a nursing home without prior hospitalization. Thereafter, Haley submitted a claim for benefits which Conseco promptly denied. Haley responded by suing AIG and Conseco alleging breach of contract, bad faith and fraudulent misrepresentation. Haley argued § 26.1-45-07 applied retroactively to her policy and the refusal to pay benefits amounted to a breach of the policy by both Conseco and AIG. Alternatively, Haley argued AIG and Conseco acted in bad faith and committed fraud by failing to advise her of the change in North Dakota law. Additionally, Haley alleged fraud against Conseco based on its letter indicating her policy was the best available.

AIG immediately tendered defense of the suit to Conseco but the tender was refused. AIG and Conseco then filed cross-claims alleging each had a duty under the purchase agreement to indemnify the other for the costs of defense and any judgment or settlement.[2] Both insurers moved for summary judgment against Haley and the district court dismissed the contract claims but allowed the other claims to proceed. AIG and Conseco subsequently renewed their summary judgment motions on the remaining claims but settled with Haley while those motions were pending.

Thereafter, AIG moved for summary judgment on its cross-claim for indemnification. The district court granted AIG's request for attorney's fees and costs of defense holding the language of the purchase agreement was broad enough to indicate the parties intended Conseco to assume responsibility for the Haley litigation. The court, however, refused to award AIG indemnification for its $5000 settlement contribution. AIG then moved for attorney's fees and costs in the amount of $207,544.72. The district court calculated the reasonable value of the fees and costs and awarded AIG $66,839.76 On appeal, Conseco argues the district court

---

[2]Conseco later withdrew its cross-claim for indemnity against AIG, and the claim is not at issue in this appeal.

erred in finding the purchase agreement anticipated Conseco should be responsible for defending AIG in the Haley litigation. AIG's appeal argues the district court erred in reducing the attorney's fees and costs and in refusing to award indemnification for its contribution to the settlement.

II

This diversity action is governed by Pennsylvania state substantive law. Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). We review the district court's grant of summary judgment and its application of state law de novo. Lerohl v. Friends of Minn. Sinfonia, 322 F.3d F.3d 486, 488 (8th Cir. 2003); Reimer v. City of Crookston, 326 F.3d 957, 961 (8th Cir. 2003).

A.    Indemnification - Attorney's Fees and Costs

To determine whether Conseco must indemnify AIG for attorney's fees and costs we look to the language of the indemnification agreement. When the terms of a contract are clear and unambiguous, the intent of the parties is gleaned from the express language of the agreement. Kiewit E. Co. v. L & R Constr. Co., 44 F.3d 1194, 1199 (3d Cir. 1995) (applying Pennsylvania law). Conseco does not contend the indemnification agreement is ambiguous. Rather, it argues the language of the agreement requires indemnification only if "this [had] been an ordinary claim on a policy for simple coverage . . . ." Conseco Reply Brief and Cross-Appeal Response, p. 15. In other words, Conseco contends Haley did not bring a simple breach of contract claim so as to trigger Conseco's duty to defend.

Count I of the complaint clearly alleges breach of contract against both AIG and Conseco for failure to pay benefits. Conseco contends Haley's breach of contract claim against AIG was frivolous because benefits were denied long after AIG sold the policy to Conseco. The merits of the allegations, however, are irrelevant. It is clear

Haley sued AIG for breach of contract and the suit fell within the language of the indemnification agreement, thereby triggering Conseco's duty to defend.

Notwithstanding its duty to defend against the breach of contract claim, Conseco argues it had no duty to defend AIG against the bad faith or fraud claims. This argument is also unpersuasive. The bad faith and fraud claims arose out of the contractual relationship between AIG and Haley which Conseco assumed. See Birth Ctr. v. St. Paul Cos., 787 A.2d 376, 385 (Pa. 2001) (holding a bad faith dispute between insurer and insured flows from the contract and "[b]reach of . . . [the] obligation [to act in good faith] constitutes a breach of the insurance contract . . . .") (quoting Gray v. Nationwide Mut. Ins. Co., 223 A.2d 8, 11 (Pa. 1966)). Conseco's characterization of the claims as entirely divorced from the insurance contract is neither accurate nor complete. Because Haley's claims arose out of the insurance contract, we conclude Conseco was obligated to defend AIG in all aspects of the Haley litigation.

Having concluded the indemnification agreement required Conseco to defend AIG against Haley's claims, we must next determine whether indemnifying AIG for its defense costs violates Pennsylvania's public policy against indemnification for negligent or fraudulent conduct. We conclude it does not.

Conseco argues Pennsylvania law precludes a party from seeking indemnification for its own negligence or fraud absent explicit language in the indemnification agreement showing the parties clearly intended such an outcome. Ruzzi v. Butler Petroleum Co., 588 A.2d 1, 4 (Pa. 1991). Conseco's argument is correct so far as it goes. "[I]n order for an indemnity provision . . . cover[ing] losses due to the indemnitee's own negligence to be enforceable, the parties must contract 'in clear and unequivocal language.'" IU N. Am., Inc. v. Gage Co., No. Civ. A. 00-3361, 2003 WL 1277327, at *5 (E.D. Pa. June 4, 2002) (quoting Ruzzi, 588 A.2d at 4).

The liability on such indemnity is so hazardous, and the character of the indemnity so unusual and extraordinary, that there can be no presumption that the indemnitor intended to assume the responsibility unless the contract puts it beyond doubt by express stipulation. No inference from words of general import can establish it.

Ruzzi, 588 A.2d at 4 (quoting Perry v. Payne, 66 A. 553, 556 (Pa. 1907)).

The public policy announced in Perry and reiterated in Ruzzi, however, applies only in cases where a party is seeking indemnification for its actual negligence. Mace v. Atl. Ref. & Mkt. Corp., 785 A.2d 491, 496 (Pa. 2001). The prohibition does not bar indemnification for fees and costs incurred defending against meritless allegations of negligence or fraud. Id.; Jack Greenberg, Inc. v. Thornton, LLP, 1997 WL 860673, at *6 (Bankr. E.D. Pa. Dec. 12, 1997). In such cases, the losses for which the party seeks indemnification "(i.e., the attorneys' fees and cost which it incurred in defending against the . . . claims) will not have been caused by its own negligence or fraudulent conduct." Jack Greenberg, 1997 WL 860673, at *6.

Conseco concedes AIG did not commit fraud. Conseco Reply Brief and Cross-Appeal Response, p. 13 ("Indeed, there was no fraud in this case. The Complaint against both insurers was frivolous."). Accordingly, awarding AIG attorney's fees and costs will not result in indemnification for any wrongdoing. Rather, it will give effect to the parties' agreement which anticipated Conseco would defend AIG against any claims brought by policyholders arising out of the denial of insurance benefits.

B.      Amount of Attorney's Fees and Costs

We review awards of attorney's fees and costs for abuse of discretion. Pinkham v. Camex, Inc., 84 F.3d 292, 294 (8th Cir. 1996); Borough of Bradford Woods v. Platts, 799 A.2d 984, 991 (Pa. 2002) ("The 'reasonableness' of attorney fees . . . is a matter to be decided through the sound discretion of the trial court, and

an appellate court should not alter such a decision unless there has been a clear abuse of discretion."). We review the district court's factual findings for clear error, but our review of the applicable legal principles is plenary. <u>Pinkham</u>, 84 F.3d at 294.

AIG requested indemnification for attorney's fees and costs in the amount of $202,544.72. AIG argues Conseco was required to indemnify it for all attorney's fees and costs actually expended in defense of the Haley litigation. Pennsylvania law, however, only permits an award of reasonable fees. <u>See</u> <u>Mace</u>, 785 A.2d at 497 (remanding back to the trial court for a determination of reasonable fees after concluding the indemnification agreement covered fees and costs expended defending against a meritless negligence claim).

The district court initially sought to apply a lodestar approach to AIG's claim for attorney's fees. AIG, however, failed to establish the reasonableness of the hours and hourly rate it was claiming. Accordingly, the court rejected AIG's proffered figure and, after considering additional factors, concluded an award of $66,839.76 was appropriate. Among the factors the court considered were 1) the case was settled without a trial, 2) very few hearings were conducted, 3) only three depositions were taken, 4) bills for electronic research were excessive, 5) AIG was required to remain in the suit even if Conseco took over the defense, 6) AIG failed to meet its lodestar burden, and 7) Conseco's attorneys charged only $38,554.29.

We recognize the difference between what AIG claimed and what was awarded is substantial. The district court's order, however, indicates it carefully considered the issue and we conclude the court did not abuse its discretion. The court found the attorneys on both sides of the litigation well qualified but was troubled by the striking differences in hourly rates, i.e., AIG's lead attorney charged $325-$345 per hour while Conseco's attorneys charged only $180 per hour. This difference, combined with the other factors indicating the litigation was not overly time-

consuming and AIG was required to remain in the suit, lend credence to the court's decision to reduce the claim for fees and costs.

        C.     Indemnification - Settlement Contribution

AIG also contends the district court erred by refusing to award indemnification for its $5000 contribution to the Haley settlement. We disagree. "Where a claim against an indemnitee has been settled, the burden falls on the indemnitee to prove that the settlement was reasonable." County of Delaware v. J.P. Mascaro & Sons, Inc., 830 A.2d 587, 593 (Pa. Super. 2003). AIG has presented no argument or evidence whatsoever showing the payment was reasonable. Accordingly, we affirm the district court's denial.

III

The order and judgment of the district court are affirmed.

_____

-9-