IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Duncansville              :
                                     :
             v.                      : No. 466 C.D. 2019
                                     : Submitted: May 15, 2020
Gregory M. Werstil,                  :
                                     :
                  Appellant          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: December 7, 2020


             Gregory M. Werstil (Werstil) appeals from an order of the Court of
Common Pleas of Blair County (trial court) denying his motion for post-trial relief.
The trial court entered judgment on the pleadings in favor of the Borough of
Duncansville (Borough) on December 4, 2017. After a trial on the issue of damages,
the trial court awarded the Borough $4,695.00 in attorney fees and imposed a
$100.00 fine for Werstil's violation of the Borough's Zoning Ordinance
(Ordinance). Upon review, we affirm.

             Werstil owns the property located at 306 15th Street in the Borough
(the Property) on which he operates a landscaping business. James Peters (Peters)
owns the neighboring property, on which he operates a pizza shop.

On May 19, 2015, the Borough's zoning officer issued a stop work order to Werstil regarding the construction of a fence. On May 26, 2015, the Borough's zoning officer issued Werstil a notice of violation, stating:

> In my duties as the Zoning Officer of Duncansville Borough, I have noticed that [a] fence is being constructed and or reconstructed on the referenced property. Generally speaking[,] fences are permissible in Duncansville though permitting is required by the zoning and flood plain ordinance.
>
> Failure to obtain a permit as required for this fence is a violation of both the Floodplain Ordinance (Section 3.02) and the Zoning Ordinance (Article XII.C.1). You have ten (10) consecutive calendar days to either remove the fence from the site or apply for a building permit.
>
> As defined in Section XII. C.3 of the Zoning Ordinance, you have certain rights to appeal this decision. Failure to take any action regarding this notice of violation on your part, will force Duncansville Borough Council to prosecute you pursuant to Section XII E.3 of the Zoning Ordinance.

Reproduced Record (R.R) at 1a. Werstil did not appeal the notice of violation to the Zoning Hearing Board (ZHB).

On March 14, 2016, the Borough filed a civil complaint before the magisterial district judge (MDJ) to seek enforcement remedies. R.R. at 6a. A hearing was held and the MDJ issued a notice of judgment in the Borough's favor awarding the Borough $11,707.50. *Id.* at 9a. On May 10, 2016, Werstil appealed the MDJ's judgment to the trial court. *Id.* at 8a-10a.

On August 25, 2016, the Borough filed a complaint in the trial court seeking to enforce the provisions of the Ordinance and seeking $500.00 per day for violation of the Ordinance; $600.00 per day for violation of the Floodplain

2

Ordinance; reimbursement of the Borough's engineering fees expended in enforcing the Floodplain Ordinance; reimbursement of the Borough's attorney fees expended in enforcing the Ordinance and the Floodplain Ordinance; and any other relief that the court deemed appropriate. R.R. at 11a-20a. On September 26, 2016, Werstil filed an answer admitting that he did not apply for or obtain a building permit or floodplain permit, nor did he appeal the zoning officer's notice of violation. *Id.* at 21a-27a. Werstil denied that he had any obligation to take any such action. *Id.* at 24a. Werstil did not deny ownership of the Property in the answer.

On June 20, 2017, the Borough filed a motion for judgment on the pleadings and a supporting brief. R.R. at 29a-33a, 34a-41a. Werstil filed a brief in opposition. *Id.* at 42a-49a. On December 4, 2017, the trial court granted the Borough's motion for judgment on the pleadings. *Id.* at 53a. On April 18, 2018, Werstil filed a motion for reconsideration of the trial court's order, which the trial court denied on April 26, 2018. *Id.* at 66a.

On May 2, 2018, the trial court held a hearing on the Borough's requested damages. Werstil testified, and submitted documents in support, that the fence at issue is located on Peters' property and not the Property. R.R. at 77a-78a, 95a; Original Record (O.R.) Item No. 24 at 6-11. Werstil testified that he contacted the Borough and informed Bonnie Biddle, the zoning officer, that the fence referenced in the notice is located entirely on the neighboring property owned by Peters. R.R. at 83a. Werstil testified that he then gave the notice to Peters, and Peters applied for the permit for the fence on June 1, 2015. *Id.* at 84a. Peters testified that he owns the pizza shop next to the Property, that he applied for and received a permit after Werstil gave him the notice, and that he did not receive any notice directly from the Borough. *Id.* at 120a-25a. Werstil further testified that he was

3

unable to "mount a defense or respond to the allegation or to do something to defend my position or myself" at the hearing before the MDJ. *Id.* at 96a, 179a-80a.

Bonnie Biddle, the Borough's zoning officer, testified that Werstil sent two emails the day she issued the stop work order regarding the fence and submitted copies of the emails to the trial court. R.R. at 140a-44a. Werstil's emails state that he was "repairing the fence" and that it was "[his] wall." *Id.* at 214a-17a. The Borough also submitted a letter from Levine Engineering, hired by Werstil, stating that "James G. Peters has made an application for Floodplain Review for [the Property] which is currently *owned by* [*Werstil*]." O.R. Item No. 24 at 2-5 (emphasis added).

On November 28, 2018, the trial court issued an opinion and order awarding damages to the Borough totaling $4,795.00.[1] R.R. 182a-225a. On December 7, 2018, Werstil filed a motion for post-trial relief. By order dated March 19, 2019, the Court denied the motion and thereafter entered judgment in the Borough's favor. *Id.* at 227a. On April 17, 2019, Werstil filed a notice of appeal to this Court.

On appeal, Werstil argues that the pleadings in this case did not meet the standard for granting judgment on the pleadings under Rule 1034 of the Pennsylvania Rules of Civil Procedure.[2] Rather, Werstil likens the procedural

---

[1] The judgment is comprised of a $100.00 penalty for violating the Ordinance; the remainder was the Borough's attorney fees. R.R. at 224a-25a.

[2] Pa. R.C.P. No. 1034 states:

> (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

**(Footnote continued on next page…)**

4

posture of this case to *Warwick Township v. Winters* (Pa. Cmwlth., No. 2071 C.D. 2016, filed July 21, 2017),[3] and cites Judge Cohn Jubelirer's concurring opinion in support of allowing the trial to proceed on the merits. In the concurring opinion, Judge Cohn Jubelirer asserts that a court reviewing a ZHB's conclusive determination of a violation should address both whether an appeal was filed and whether the landowner brought his property into compliance timely. Werstil argues that he was not in violation because he timely complied with the notice of violation by causing Peters to obtain a permit. Further, Werstil asserts that the trial court abused its discretion by awarding the Borough attorney fees because Werstil had been in compliance with the Ordinance.

The Borough argues that the trial court was compelled to grant the motion for judgment on the pleadings as a matter of law based on Werstil's admitted failure to appeal the notice of violation. The Borough further argues that the trial court lacked the authority to reduce the MDJ's award of $11,707.50 to $4,795.00, and requests that this Court reinstate the full judgment against Werstil.

In reviewing an order granting a motion for judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or whether questions of material fact remain, such that the case should have proceeded. *Peters Township v. Russell*, 121 A.3d 1147, 1149 n.8 (Pa. Cmwlth.

---

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

A motion for judgment on the pleadings should only be granted when the pleadings demonstrate that no genuine issue of fact remains and the moving party is entitled to judgment as a matter of law. *Hammerstein v. Lindsay*, 655 A.2d 597, 600 (Pa. Super. 1995).

[3] Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code §69.414.

5

2015). Our standard of review of an order granting a motion for judgment on the pleadings is plenary. *Id.*

In considering a motion for judgment on the pleadings under Pa. R.C.P. No. 1034, a court can consider only the pleadings and documents properly attached thereto. Additionally, the moving party must admit the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party. *Tate v. Pennsylvania Board of Probation and Parole*, 396 A.2d 482, 483 (Pa. Cmwlth. 1979). When material issues of fact are in dispute, judgment on the pleadings is improper. *Miami National Bank v. Willens*, 190 A.2d 438, 439 (Pa. 1963).

The ZHB has exclusive jurisdiction over "appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot." Section 909.1(a)(3) of the Pennsylvania Municipalities Planning Code (MPC).[4]

The law is well settled:

> If a landowner does not appeal a zoning violation notice to the zoning hearing board, **the failure to appeal renders the violation notice unassailable**. Therefore, in the event a landowner does not appeal to the zoning hearing board and the municipality files an enforcement action with a district justice, neither the district justice nor a common pleas court may conduct a *de novo* review of the questions of whether the landowner violated the zoning ordinance. In that circumstance, the only question

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10909.1(a)(3).

6

before the district justice and the common pleas court is
whether the penalty imposed for the violation was proper.

*Township of Penn v. Seymour*, 708 A.2d 861, 864-65 (Pa. Cmwlth. 1998) (emphasis added). *See also Borough of Latrobe v. Pohland*, 702 A.2d 1089, 1095 (Pa. Cmwlth. 1997) ("We have repeatedly stated that such a failure to appeal renders the zoning officer's determination of violation unassailable under Section 616.1(c)(6) of the [MPC].")[5] (citation omitted).

Here, Werstil does not dispute that he received the violation notice, which stated that Werstil had a right to appeal. Werstil never appealed the violation notice,[6] which resulted in a conclusive determination of his violation of the Ordinance and the Floodplain Ordinance. Thus, there were no unresolved questions pertaining to the underlying violation at the time the trial court entered judgment on the pleadings. Werstil now argues that the notice was ambiguous, but failed to raise

---

[5] Section 616.1(c)(6) of the MPC, added by Act of December 21, 1988, P.L. 1329, provides:

An enforcement notice shall state at least the following:

* * *

(6) That failure to comply with the notice within the time specified, unless extended by appeal to the zoning hearing board, constitutes a violation, with possible sanctions clearly described.

[6] In fact, Werstil's answer admitted that he did not appeal the violation notice. "A responsive pleading shall admit or deny each averment of fact in the preceding pleading." Pa. R.C.P. No. 1029(a); *see also City of Philadelphia v. MacDonald*, 369 A.2d 1341, 1342 (Pa. Cmwlth. 1977) (holding that a city's averments that the defendants failed to appeal a tax assessment were averments of fact). "A general denial or a demand for proof . . . shall have the effect of an admission." Pa. R.C.P. No 1029(b). Here, the Borough averred that Werstil failed to appeal the violation notice. Werstil responded to the Borough's averment by admitting that he failed to appeal, but denied that he had an obligation to do so and demanded strict proof of such obligation. By failing to specifically admit or deny an averment of fact and demanding proof of an averment for which he had sufficient information to admit or deny, Werstil's response constituted an admission.

7

that argument below. Therefore, the argument has been waived. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Section 617.2(a) of the MPC provides that any person who has violated the provisions of a zoning ordinance enacted under the MPC "*shall*, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, pay . . . reasonable attorney fees incurred by a municipality as a result thereof." Added by Act of December 21, 1988, P.L. 1329, 53 P.S. §10617.2(a) (emphasis added). An award of costs and attorney fees under Section 617.2(a) of the MPC includes all costs and attorney fees incurred as a result of the violation. *Borough of Bradford Woods v. Platts*, 799 A.2d 984, 991 (Pa. Cmwlth. 2002). The trial court has discretion to decide the reasonableness of an award of attorney fees, and an appellate court should not alter the trial court's decision absent a clear abuse of discretion. *Id.* at 991.

Werstil argues that the attorney fees are not reasonable because the action did not need to be pursued after Peters applied for and received the permit. The trial court declined "to revisit the issue of whether or not [Werstil] is in violation of the [Ordinance]." R.R. at 224a. The trial court explained that the relevant statutes and case law require an award of reasonable attorney fees. In this case, the trial court found the Borough's request for $4,695.00 in attorney fees to be reasonable after considering the amount of work performed, the character of the services, and the difficulty of the issues involved. *Id.* at 225a.

8

The reasonableness of attorney fees incurred can be measured by the amount of work performed by the attorney over the course of an enforcement action, the character of the services rendered, difficulty of the issues, and the professional skills of the attorney. *Borough of Bradford Woods*, 799 A.2d at 992. Therefore, the attorney fees may be reasonable despite lacking proportionality with the fine imposed on the violator. *Id.*

In this case, the MDJ's decision was a notice of decision filed with the trial court. There was no record for the trial court to review, nor any rationale or allocation behind the MDJ's $11,707.50 judgment against Werstil. Here, the trial court calculated the award of reasonable attorney fees based on the criteria described in *Borough of Bradford Woods*. *Id.* at 992. Further, the Borough represented to the court that it had incurred $4,695.00 in attorney fees in this matter. R.R. at 218a. We conclude that the trial court did not abuse its discretion in awarding $4,695.00 in attorney fees to the Borough.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Borough of Duncansville        :
                                       :
            v.                    : No. 466 C.D. 2019
                                         :
Gregory M. Werstil,        :
                                       :
                 Appellant  :

# **O R D E R**

AND NOW, this 7th day of December, 2020, the order of the Court of Common Pleas of Blair County dated March 19, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge