**Warren E. SIEGMOND and Jeanne F. Siegmond, his wife**

v.

**Gregory F. DUSCHAK and Jodi Lee Jones Duschak, his wife, Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 16, 1998.

Decided June 18, 1998.

---

Michael J. Garfield, Albrightsville, for appellants.

Roger N. Nanovic, Jim Thorpe, for appellees.

Before SMITH and FRIEDMAN, JJ., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Gregory F. Duschak and Jodi Lee Jones Duschak (Duschaks) appeal from an order of the Court of Common Pleas of Carbon County (trial court) dated September 25, 1997, making final a decree nisi which enjoined the Duschaks from occupancy and use of the second floor addition and balcony of their garage and ordering that the structures be razed and removed. We affirm.

The Duschaks own land adjacent to land owned by Warren E. Siegmond and Jeanne F. Siegmond (Siegmonds). Both of the properties are located in the Borough of Parryville (Borough). Since 1985, the Duschaks have had a house and detached garage on their land. The garage houses a commercial auto-body business. In 1986, the Borough enacted a zoning ordinance (ordinance). The ordinance restricted the use of the land on which both parties reside to agricultural and residential. The enactment of the ordinance resulted in the existence of a non-conforming use upon the Duschaks' property, specifically the auto-body business.

On May 28, 1992, the Duschaks applied for and received a building permit to repair the roof of their garage and add a deck to the garage. The Duschaks then proceeded to construct a second floor above the garage. On June 16, 1992, the Siegmonds informed the Duschaks that the construction of the second floor constituted a violation of the ordinance. The Duschaks proceeded with the construction.

The Siegmonds appealed the issuance of the Duschaks' building permit to the zoning hearing board (board). The board denied this appeal. The Siegmonds then appealed the board's decision to the trial court. The trial court vacated and rescinded the issuance of the Duschaks' building permit, finding that the building in which the auto-body business was operated constituted a non-conforming structure and that the construction of the second floor increased the garage's original floor space. The Duschaks took no appeal from the trial court's order.

On January 24, 1994, the Siegmonds filed a complaint in equity seeking enforcement of the ordinance against the Duschaks. On November 19, 1996, a non-jury trial was held. On July 16, 1997, the trial court entered a decree nisi enjoining the Duschaks' occupancy and use of the second floor addition and balcony and ordering their removal within sixty days. On July 28, 1997, the Duschaks filed a motion for post-trial relief. The trial court then issued an order making the decree nisi final on September 25, 1997. The instant appeal followed.

■ On appeal to this court,[1] the Duschaks assert that the trial court erred in finding that their violations of the ordinance substantially affected the Siegmonds. Specifically, the Duschaks contend that pursuant to Section 617 of the Pennsylvania Municipalities Planning Code (MPC),[2] an objective standard must be applied when determining whether an individual has been substantially affected by a violation of a zoning ordinance and the injuries resulting from the violation must be special and peculiar. The Duschaks argue that, applying an objective standard, the Siegmonds were not substantially affected and did not suffer special injury.

■ The Dushaks' assertion is without merit. Section 617 of the MPC establishes a cause of action for any owner of real property who shows that his or her property or person will be substantially affected by the violation of an ordinance. The MPC contains no language requiring that the property owner establish that the violation of the ordi-

nance resulted in an injury special and peculiar to his or her property.[3] It is well settled that plain words of a statute cannot be disregarded where the language is free and clear from ambiguity. *Commonwealth v. Hagan,* 539 Pa. 609, 654 A.2d 541 (1995). Accordingly, the MPC, clear on its face, requires only that a property owner be substantially affected by the ordinance violation in order to have a cause of action.

■ The Duschaks' ordinance violation resulted in increased noise and activity, as well as a loss of privacy to the Siegmonds. Such effects are sufficient to establish that the Siegmonds were substantially affected by the ordinance violation.

The Duschaks next assert that it was error for the trial court to find that they did not dispute the trial court's finding that their conduct was deliberate, willful and in bad faith. The Duschaks argue that they did indeed dispute the trial court's finding that their conduct was in bad faith, as the issue was raised in their motion for post-trial relief.

■ We do not agree. Although raised in their motion for post-trial relief, the exception taken to the trial court's finding that the Duschaks' conduct was willful, deliberate and in bad faith was not addressed in the Duschaks' brief supporting the motion. The law is well settled that "[E]ven though an issue is contained in a post-trial motion, unless it is briefed or argued during the post-trial proceedings, the issue was waived for purposes of appellate review." *Cucchi v. Rollins Pro-*

---

1. "The scope of review by the Commonwealth Court of a court of common pleas sitting in equity is severely restricted ... We will not reverse if apparently reasonable grounds exist for the relief ordered and no errors or inapplicable rules of law were relied on." *Jackson v. Hendrick,* 72 Pa.Cmwlth. 63, 456 A.2d 229, 233 (1983) (citation omitted.)

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10617 provides in pertinent part:

In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation.

3. This Court notes that *prior to* the reenactment and amendment of Section 617, case law required a property owner to establish that an ordinance violation had resulted in an injury special and peculiar to his or her property. We hold that this standard, however, is limited in application to the MPC as it existed *prior to* reenactment and amendment and *not* in its present form.

*tective Services,* 377 Pa.Super. 9, 546 A.2d 1131, 1136 (1988), *reversed on other grounds,* 524 Pa. 514, 574 A.2d 565 (1990). Because the Duschaks did not undertake either procedure, the issue was waived.

Additionally, the Duschaks contend that the trial court's decree nisi ordering that their second floor addition and balcony be razed and removed is ambiguous and incapable of enforcement. This contention appears to be based on the fact that the trial court failed to state whether the Duschaks' would be permitted to continue their previous non-conforming use of the garage upon which the addition was made.

The decree nisi states that the "Duschaks shall raze and remove said second floor and balcony." [4] However, the trial court order denying the Duschaks' motion for post-trial relief, in addition to reiterating the language of the decree nisi, stated that the razing and removal of the second floor and balcony would "bring [the] Duschaks' auto body garage back into compliance with zoning requirements and return the parties' properties to where they were before the Duschaks' illegal actions." [5] It is this additional language upon which the Duschaks base their argument that it is unclear whether the previous use of their garage as an auto-body business will be permitted to continue as well as whether the needed repairs to the garage will be allowed.

■ We conclude that there is no support in the record for this contention. The order of the trial court is capable of enforcement. Both the decree nisi and order are unambiguous; both clearly state that the Duschaks' second floor and balcony must be razed and removed. Whether the Duschaks' prior nonconforming use of the garage will be permitted to continue is a separate issue. Such use occurred without the necessity of a second floor or balcony and will be permitted to continue after the second floor and balcony are razed and removed. The order clearly mandates this result, as it states the intent to return the parties' properties to where they were before the Duschaks' illegal actions.

Finally, the Duschaks argue that the trial court order mandating that the second floor and balcony be razed and removed is excessive and an abuse of power.

■ This argument is unavailing. The evidence clearly shows that the Duschaks' violation of the ordinance was deliberate and in bad faith. The law is clear that where deliberate and substantial violations of a zoning ordinance are found, it is appropriate to order the removal of the non-conforming structures. *Beiler v. Salisbury Township,* 79 Pa.Cmwlth. 213, 468 A.2d 1189 (1983). Thus, the equitable relief granted to the Siegmonds by the trial court was not excessive, nor was it an abuse of power.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 18th day of June, 1998, it is hereby ordered that the decree nisi made final by the Court of Common Pleas of Carbon County on September 25, 1997, is AFFIRMED.