Richard L. GESCHWINDT and
Maureen T. Geschwindt,
Appellants

v.

Dennis G. WAGNER, Melissa M.
Wagner, h/w and R.D.
Contracting, Inc.

Commonwealth Court of Pennsylvania.

Argued May 18, 2010.

Decided July 16, 2010.

---

Byron M. Yatron, Reading, for appellant.

Katherine Rightmyer O'Brien, Hamburg, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Appellants, Richard L. Geschwindt (Husband) and Maureen T. Geschwindt (Wife) appeal from an order of the Court of Common Pleas of Berks County (trial court) which denied Appellants' motion for post trial relief taken from the order granting the motion for directed verdict filed by Dennis G. Wagner and Melissa M. Wagner, collectively (Wagner) and R.D. Contracting, Inc. (R.D.). We affirm.

Appellants own a home located at the corner of Noble Avenue and Reber Street in Shoemakersville Borough. Appellants' property is divided into a residence with a front door on Reber Street and a law

office, which has an entrance on Noble Avenue.[1] The property is zoned R–1 Low Density Residential.

The Wagner home is also located in Shoemakersville Borough at 212 7th Avenue. The distance from the Wagner residence to Appellants' residence is seventy feet. Both residences back into the same alley, Sixth Lane.

In January of 2005, Wagner obtained a zoning permit to erect a 720 square foot accessory building (garage). Thereafter, in June of 2005, a zoning enforcement notice was issued to Wagner regarding the location of the garage being within 15 feet of the western property sideline and indicating that such was in violation of the Zoning Ordinance. Wagner appealed the enforcement notice and, in the alternative, requested a variance. The first two hearings were continued. At the next hearing, which was scheduled for September 29, 2005, the zoning officer failed to appear and the Board granted Wagner's appeal and determined that Wagner's request for a variance was moot, inasmuch as the zoning action had been dismissed. The Board later issued an opinion in support of its decision and no appeal was taken therefrom.

In June of 2006, Appellants filed the complaint at issue with the trial court alleging a private enforcement action pursuant to Section 617 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10617. Section 617 of the MPC provides in pertinent part:

In case any building, structure ... is, or is proposed to be, erected, constructed ... or used in violation of any ordinance ... **any aggrieved owner** or ten-

---

1. Appellants obtained a zoning permit for the law office when the building was purchased in 1990.

ant of real property **who shows that his property or person will be substantially affected by the alleged violation** ... may institute any appropriate action or proceeding to ... correct or abate such building, structure. . . .

(Emphasis added.)

Appellants alleged that Wagner's garage violates setback requirements and sought to have it removed. Appellants also alleged that Wagner was operating R.D. from his home in violation of the Ordinance, as such does not qualify as a home occupation. Appellants requested that Wagner be ordered to cease and desist from operating R.D. at the home and to cease parking R.D. vehicles in the vicinity of the home. Appellants later filed an amended complaint and Wagner filed an answer with counterclaims, to which Appellants replied with new matter. Wagner, thereafter, filed a motion for summary judgment, which the trial court denied.

■ After a non-jury trial, Wagner filed a motion for directed verdict. The trial court granted the motion, concluding that Appellants did not meet their burden of proving that they were substantially affected by Wagner's garage and business. As to the garage, the trial court found that Appellants objected to it based on aesthetic reasons. Concerning the operation of R.D. from Wagner's home, the trial court determined that Appellants failed to prove that the business functions had any impact on the neighborhood. Additionally, there was no evidence that R.D. vehicles were at the Wagner home other than for short periods of time. This appeal followed.[2]

■ Initially, Appellants allege that the trial court erred in granting Wagner's motion for directed verdict on the basis that

Appellants lacked standing, inasmuch as Wagner waived the issue of standing because it was not pled as new matter.

Pa. R.C.P. No. 1030, entitled "New Matter" provides in pertinent part:

(a) Except as provided in subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter."

Pa. R.C.P. No. 1032 provides that "[a] party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense under Rule 1030(b) . . . ."

Appellants argue that standing is a waivable defense and the failure to plead standing in new matter precluded Wagner from obtaining a directed verdict because such defense was not asserted and preserved.

We note that standing is not specifically addressed in either Pa. R.C.P. Nos. 1030 or 1032. More importantly, we agree with the trial court that the issue of standing is an element of the cause of action under Section 617 of the MPC, inasmuch as an aggrieved owner of property must show that his property or person will be substantially affected by the illegal act. The fact remains that this was an element of Appellant's burden of proof and, therefore, cannot be waived.

---

**2.** When reviewing a motion for directed verdict, this court's review is limited to determining whether the trial court abused its discretion or committed an error of law. *Perkins v. Desipio*, 736 A.2d 608 (Pa.Super.1999).

Next, Appellants claim that the trial court erred in granting the motion for directed verdict because it disregarded the uncontradicted testimony of Appellants' witnesses.

A motion for directed verdict may be granted only where the facts are clear and there is no room for doubt. *Lear, Inc. v. Eddy*, 749 A.2d 971 (Pa.Super.2000). In ruling on a motion for directed verdict, the trial court must consider the facts in the light most favorable to the non-moving party and must accept as true all evidence which supports that party's contention and reject all adverse testimony. *Id.*

Appellants allege that the trial court, rather than accepting as true the evidence presented by Appellants, disregarded all of such evidence and based the directed verdict on its finding that all of the testimony from Appellants' witnesses was not credible. Specifically, the trial court stated that Appellants "claim that they were substantially affected by the Defendants had no credibility." (Trial court opinion at 7). Appellants point to numerous instances throughout the trial court opinion where the trial court concludes that Appellants' testimony was not credible. Appellants maintain that the trial court failed to consider the testimony according to the standard enunciated in *Lear*.

As correctly observed by the trial court, however, and later addressed by this court, it was not enough for Appellants to merely state that they were "aggrieved" and "substantially affected." Section 617 of the MPC requires that an aggrieved owner must **show** that his property or person will be substantially affected. (Emphasis added.) Because Appellants must show that their persons or property would be substantially affected, the trial court did not err in discrediting Appellants' bald assertion that they were substantially affected. The *allegata* must be supported by the *probata*.

Appellants next argue that the trial court erred in failing to apply *Appeal of Hoover*, 147 Pa.Cmwlth. 475, 608 A.2d 607 (1992), in determining whether Appellants had standing.

Appellants claim that it is undisputed that their property is within 70 feet of the Wagner's and that Appellants can see the Wagner property from their patio. According to Appellants, because of their close proximity, such makes them aggrieved. Specifically, in *Hoover*, this court stated that persons who own property within 150 to 200 yards are within "close proximity" and are "aggrieved" by the grant of a zoning permit and therefore have standing to challenge same. "A property owner need not establish pecuniary or financial loss if his property is located in close proximity to the subject property because the zoning decision is presumed to have an effect on the property owner's property." *Laughman v. Zoning Hearing Board*, 964 A.2d 19, 22 (Pa. Cmwlth.2009).

We agree with the trial court, however, which determined that *Hoover* is not applicable, inasmuch as that case involved Section 913.3 of the MPC, 53 P.S. § 10913.3, added by the Act of December 21, 1988, P.L. 1329, not Section 617 of the MPC, 53 P.S. § 10617, which is applicable here. Specifically, Section 913.3 provides that appeals under Section 909.1 of the MPC may be filed with the board by the "landowner affected" or "any person aggrieved." Section 617 of the MPC, applicable here, states that when any building has been erected in violation of an ordinance, any "aggrieved owner or tenant of real property who has shown that his property or person will be substantially affected" by

the alleged violation, may institute an appropriate action. Thus, Appellants, under Section 617 of the MPC, were required to show that they were not only "aggrieved" but "substantially affected."

Finally, Appellants claim that viewing the facts in the light most favorable to them that they established a claim for a private enforcement action.

In considering a motion for directed verdict, the trial court is to consider facts in the light most favorable to the non-moving party and accept as true all evidence which supports that party's contentions. *Lear.*

As a neighboring property owner, Appellants claim that they have standing. Appellants claim that the trial court erred in requiring that Appellants show that they were somehow "inconvenienced." Appellants maintain that *Siegmond v. Duschak*, 714 A.2d 489 (Pa.Cmwlth.1998), which was relied on by the trial court, states that Section 617 of the MPC, "contains no language requiring that the property owner establish that the violation of the ordinance resulted in an injury special and peculiar to his or her property." *Id.* at 491. Rather, Section 617 of the MPC "requires only that a property owner be substantially affected by the ordinance violation to have a cause of action." *Id.*

In *Siegmond*, the Duschaks applied for and received a building permit to repair the roof of their garage and to add a deck to the garage. The Duschaks then proceeded to construct a second floor above the garage. The Siegmonds filed a complaint in equity seeking enforcement of the ordinance against the Duschaks. This court determined that the Siegmonds had a cause of action under Section 617 of the MPC because "[t]he Duschaks' ordinance

violation resulted in increased noise and activity, as well as a loss of privacy to the Siegmonds. Such effects are sufficient to establish that the Siegmonds were substantially affected by the ordinance violation." *Id.*

Here, considering the evidence in the light most favorable to Appellants, Appellants argue that they established standing. Husband testified that he was "substantially affected" and that there was "no home occupation business ... in the neighborhood when we purchased it. And moreover, we are 70 feet away, and we see this when we come out of our patio ...." (R.R. at 423a.) Husband also testified that the garage is too big for the lot and that there is no required side yard. Wife testified "[t]he garage itself is too big for the homes that are on this alley." (R.R. at 433a.) Wife also testified that she did not like living next to a commercial parking lot and that R.D. trucks park in front of the Wagner home.[3]

As previously stated, however, it is not enough for Appellants to state that they were substantially affected, they must show how they were so affected. Although Appellants object to the garage, Wagner had a permit for its construction. Moreover, Appellants' objections focus on the aesthetics and the materials that were used to construct the garage, including its color, and the "new" look of the structure. Here, Wagner had the right to construct and paint the garage with materials and colors of his choice and Appellants have failed to cite to any Ordinance which dictates what material and colors are to be used. When proceeding under Section 617 of the MPC, it is not sufficient to simply

---

**3.** Appellants claim that they are entitled to standing because Wagner deliberately violated Ordinance requirements when he constructed the garage is waived, inasmuch as

Appellants did not raise this issue in their post-trial motion. *In re Estate of Hall*, 517 Pa. 115, 535 A.2d 47 (1987).

**976**

allege that one is aggrieved by the fact that a zoning regulation has not been enforced, one must show that the alleged violation has damaged Appellants' property to the point that the party is 'substantially affected.' *Phillips v. Griffiths,* 366 Pa. 468, 77 A.2d 375 (1951). We agree with the trial court that Appellants failed to meet their burden of proving how they were substantially affected by the garage.

■ As to R.D., Wagner concedes that R.D. operates at least administratively from the home. Home occupations are governed by Section 621 of the Ordinance. Upon complaint by Appellants, the zoning officer investigated the issue of whether R.D. was operating illegally from the Wagner residence. The zoning officer testified that she determined that operation of R.D. was a "no impact home based business" and did not issue a violation. (R.R. at 418a.) As determined by the trial court, Appellants failed to prove that the business functions occurring at the home had any impact on the neighborhood and there was no evidence the R.D. vehicles were at Wagner's home other than for short periods of time.

In accordance with the above, the decision of the trial court is affirmed.

### ORDER

Now, July 16, 2010, the order of the Court of Common Pleas of Berks County, in the above-captioned matter, is affirmed.