# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph F. Lynch,  : 
          Appellant  : 
                              : 
          v.  : No. 465 C.D. 2015
                              : Submitted: September 11, 2015
Denise Solana  : 

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                  FILED: September 29, 2015

Joseph F. Lynch (Lynch) appeals the order of the Montgomery County Court of Common Pleas (trial court) denying his motion for post-trial relief following a bench trial in which the trial court found in favor of Denise Solana (Solana) and against Lynch. We affirm.

Lynch and Solana are neighboring landowners in Horsham Township (Township), Montgomery County. In June 2005, Solana started construction on her residential property to enlarge her paved driveway and to construct a walkway and paved steps to her in-ground swimming pool. In July 2005, a Township Code Enforcement Officer directed Solana to cease construction until she obtained a permit from the Township. Solana applied for a building permit, but the Township denied the application because the Code Enforcement Officer found that she was in violation of the Township's Zoning Ordinance because the construction increased the impervious coverage to 31.5% of her lot. As a result, in August 2005, Solana filed an application with the Township's Zoning Hearing Board (Board) for a

dimensional variance from the impervious coverage restrictions in the Township's Zoning Ordinance.[1] Lynch appeared at the Board hearing in opposition to the variance and in November 2005, the Board granted Solana's variance application.

In December 2005, Lynch appealed the Board's decision to the trial court. In February 2008, following a hearing, the trial court reversed the Board's decision granting Solana's variance request. Solana ultimately discontinued an appeal of that order to this Court.

In January 2009, Lynch filed a Complaint in Equity for Specific Performance under Section 617 of the Municipalities Planning Code (MPC)[2]

---

[1] Article IX, Section 902.4 of the Township's Zoning Ordinance provides that "[n]ot more than twenty-five percent (25%) of the lot area shall be occupied by buildings, parking lots, vehicular accessways or other impervious materials" in the R-4 Medium Density Zoning District. (Reproduced Record (RR) at 152a). Section 230-5 of the Zoning Ordinance defines "impervious surface" as "[a]ll buildings, parking areas, driveways, roads, sidewalks, and any areas in concrete, asphalt, and packed stone shall be considered impervious surfaces within this definition. In addition, other areas within the meaning of this definition will also be classified as impervious surfaces…." (*Id.* at 154a).

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617. Section 617 states, in relevant part:

> In case any building, structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or used in violation of any ordinance enacted under this act or prior enabling laws, … any aggrieved owner … of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such

**(Footnote continued on next page…)**

asking the trial court to order Solana to remove the impervious structure and coverage on her property that violates the Zoning Ordinance and to return her property to its prior condition where those areas were covered in sod and grass. Specifically, Lynch alleged, *inter alia,* that "Solana's impervious structure and contiguous impervious coverage permanently impairs the use of [his] adjacent property through the surface water runoff from Solana's higher property flowing onto [his] lower property." (RR at 166a-167a, 326a). Accordingly, Lynch asked the trial court to issue an order requiring specific performance by Solana to dismantle the purportedly illegal impervious structure and contiguous impervious coverage on her property and to return it to its prior condition consisting of sod and grass thereby bringing it into compliance with the Township's Zoning Ordinance regarding impervious coverage.

After discovery was completed, in December 2011, Solana filed a motion for summary judgment and Lynch filed a cross-motion for summary judgment. In August 2012, the trial court issued the following order:

> To the extent [Lynch]'s Motion for Summary Judgment seeks a declaration that [Solana]'s property was not in compliance with Section 902.4 as of February 4, 2008, the Motion is granted. To the extent [Lynch] seeks Summary Judgment on the basis that [Solana]'s property currently remains out of compliance with

---

**(continued…)**

> premises, any act, conduct, business or use constituting a violation….

> Section 902.4, same is denied as questions of fact remain on that issue.
>
> To the extent [Solana] seeks Summary Judgment on the basis that her property has been returned to compliance with Section 902.4, same is denied as questions of fact remain on that issue.
>
> *   *   *
>
> A trial is Ordered on the issue of whether or not [Solana]'s property is currently in compliance with Section 902.4….

(RR at 157a).

At the bench trial, Lynch testified and presented photographs to support his assertion that the alterations that Solana made to her neighboring property by constructing walls and a parking area caused flooding and water damage in his basement. He offered no evidence of causation other than his own opinion[3] that the condition of Solana's property caused the flooding in his basement stating, "You don't need an expert to know when you've got water in the basement and where it's coming from." (RR at 329a). He also relied upon the trial court's order granting partial summary judgment alleging that it established that the current condition of Solana's property violates Section 902.4 of the Township's

---

[3] Lynch explained that he is a self-employed attorney in general practice and that he is familiar with zoning, land development and storm water management issues through his participation in the instant litigation over the past ten years. (RR at 311a). He conceded that he is not a civil engineer, he is not a licensed land planner, and he has never been employed by a municipality. (*Id.* at 313a).

Zoning Ordinance and that Solana had the burden in the proceedings to demonstrate that her property has come into compliance with its provisions.

Lynch conceded that Solana had replaced a portion of the asphalt driveway with mulch and a brick area with mulch and five stepping stones. (RR at 387a-388a). However, he argued that while Solana may have replaced some of the asphalt or other impervious materials on her property with mulch, those areas still fall within the Section 902.4 limitation because they are used to park vehicles and that the mulch itself is an impervious material for purposes of the Zoning Ordinance. He also conceded that he had no evidence indicating what percentage of Solana's property currently has impervious coverage. (*Id.* at 343a-345a).

Solana testified and presented evidence that she has made alterations to her property to come into compliance with Section 902.4 of the Zoning Ordinance since the grant of her variance application was reversed in 2008. She stated that she removed the asphalt from the semi-circular area of her driveway and replaced it with mulch "to conform and be within the guidelines of the Township requirement." (RR at 17a). She testified that she went to the Township and asked what she needed to do to come into compliance with the Zoning Ordinance and that she was told that she had to remove 458 square feet of impervious material so she took away a rose arbor, removed the semi-circular area of her driveway, and took away a part of the walkway from her yard replacing the impervious materials with mulch. She stated that she hired a landscaper to take away the arbor and the pavers, and hired another to redo her driveway after the trial court reversed the grant of the variance. She introduced an application for a building permit from

5

August 2008 stating that the work was the "Removal of impervious pavers and repair driveway. Remove black top, install turf stone." (*Id.* at 248a). She also introduced a Permit issued by the Township certifying completion of the work stating "HZB 05-32, REPAVE DRIVEWAY REMOVE IMPERVIOUS MATERIAL TO CONFORM TO JUDGE STEVEN O'NEILL ORDER OVERTURNING HZB APPROVAL." (*Id.* at 251a).[4]

Solana also presented the testimony and report of Robert Blue, P.E., P.L.S. (Blue), an expert in civil engineering, storm water management and flooding land. Blue explained that "a pervious surface, it is something that can absorb water and let it flow into the ground." (RR at 154a). He stated that "[i]mpervious is something that will not allow water to flow back down into the ground, into the ground water, or percolate back in: Such as hard paving, such as certain types of concrete, asphalt, rooftops, concrete walkways. They're impervious areas." (*Id.* at 155a). He testified that "mulch is pervious," that he did not "know of any impervious mulch," and that it is required for landscaping in the Township. (*Id.* at 155b, 156b, 157b). He specifically stated that he did not believe that the pervious character of mulch would change as a result of a vehicle being parked on it. (*Id.*).

---

[4] *See also* Letter dated August 29, 2008, from Township Manager Michael McGee to Lynch stating, "I have been requested by Council to respond to your letter dated August 18, 2008 regarding the above referenced matter. I have been advised that Mr. and Mrs. Solana have been in contact with the Horsham Township Code Enforcement office and have removed some of the impervious surface coverage. They have been issued a permit to bring the subject property back into compliance as per the township code [sic]." (RR at 5a).

6

Blue opined that, "Based upon my engineering experience, based upon my inspection of the site, based upon the verification that the material that was taken out is still removed and is as mulch, there is nothing on the Solana property that would cause an impact to the Lynch property." (RR at 169a). Specifically, with respect to storm water, Blue stated, "I did not see anything on the Solana property that caused concern with regards to stormwater runoff or impact to the adjacent Lynch property." (*Id.* at 160a). With respect to the driveway extension on the Solana property, Blue stated that "[i]t is a mulched surface that allows the water to percolate down into the ground. So it is not an impervious surface; it is a porous or a pervious surface." (*Id.* at 169a). He explained that based on his professional experience and opinion, there are various construction and grading issues on Lynch's property that are the cause of water issues in his house and on his property. (*Id.* at 161a-166a).

In January 2015, the trial court issued a Decision in which it determined that Lynch had failed to sustain his burden of proving that he has been "substantially affected" by Solana's alleged violation of Section 902.4 of the Township's Zoning Ordinance and, therefore, does not have standing to bring an action under Section 617 of the MPC. The trial court also determined that he failed to sustain his burden of proving that Solana is currently violating Section 902.4 of the Township's Zoning Ordinance. As a result, the trial court found in favor of Solana and against Lynch, and subsequently denied Lynch's motion for post-trial relief.

7

In this appeal,[5] Lynch raises 20 allegations of error[6] that the trial court purportedly committed in denying his request for relief under Section 617 of the

----

[5] This Court's scope of review in equity matters is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Babin v. City of Lancaster*, 493 A.2d 141, 143 (Pa. Cmwlth. 1985). As we have explained:

> The fact that there exists evidence in the record contrary to th[e] findings does not mean that those findings are not supported by substantial evidence as it is wholly within the province of the [trial court] to accept the testimony of one witness over another. It is well-settled that issues of witness credibility and evidentiary weight are within the exclusive province of the [trial court]. Where the [trial court]'s findings are based upon his evaluation of the credibility of witnesses who appeared before [it], and are supported by substantial evidence, they will not be disturbed by an appellate court on review….

*Id.* at 144 (citations omitted).

[6] We refer Lynch to the insights of the late Judge Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

> With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not locquaciousness.

*United States v. Hart*, 693 F.2d 286, 287 n. 1 (3d Cir. 1982), *quoting* Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility – A View From the Jaundiced Eye of One Appellate Judge," 11 Cap. U.L.Rev. 445, 458 (1982).

MPC. However, we agree with the trial court that Lynch does not have standing under Section 617 to maintain the instant action.

In *Geschwindt v. Wagner*, 1 A.3d 970 (Pa. Cmwlth. 2010), objecting property owners brought a private enforcement action under Section 617 seeking to compel the removal of a neighboring property owner's garage that violated the local zoning setback requirements; to obtain a cease and desist order to prevent the neighboring property owner from operating a construction contracting business from the home because it did not qualify as a home business; and to prevent the neighboring property owner from parking business vehicles in the vicinity of the home. Following a non-jury trial, the trial court granted a directed verdict, concluding that the objecting property owners did not have standing under Section 617 because they did not meet their burden of proving that they were substantially affected by the garage and business. Regarding the garage, the trial court found that the objecting property owners objected to it based on aesthetic reasons. Regarding the business, the trial court found that the objecting property owners failed to prove that it had any impact on the neighborhood or that the vehicles were at the home other than for short periods of time.

On appeal, objecting property owners alleged, *inter alia*, that the trial court improperly failed to credit their testimony in granting a directed verdict on the issue of standing. In rejecting this claim of error, we explained that "we agree with the trial court that the issue of standing is an element of the cause of action under Section 617 of the MPC, inasmuch as an aggrieved owner of property must show that his property or person will be substantially affected by the illegal act."

9

*Geschwindt*, 1 A.3d at 973. We affirmed the trial court's determination that the objecting property owners had failed to present sufficient evidence demonstrating standing, stating:

> As correctly observed by the trial court, however, and later addressed by this Court, it was not enough for [objecting property owners] to merely state that they were "aggrieved" and "substantially affected." Section 617 of the MPC requires that an aggrieved owner must **show** that his property or person will be substantially affected. (Emphasis added.) Because [objecting property owners] must show that their persons or property would be substantially affected, the trial court did not err in discrediting [their] bald assertion that they were substantially affected. The *allegata* must be supported by the *probata*.

*Id.* at 974.

In this case, while the trial court's order granting summary judgment established that Solana's property was not in compliance with Section 902.4 of the Township's Zoning Ordinance as of February 4, 2008, it specifically noted that it was a question of fact as to whether or not it was in compliance as of August 2012 or thereafter. Lynch failed to present any evidence on the factual question of whether or not Solana's property was in compliance with the requirements of Section 902.4 of the Zoning Ordinance as of August 2012 or thereafter. The only evidence presented to the trial court which was offered by Solana and confirmed by Lynch was that Solana had made changes to the impervious coverage on her property since February 4, 2008, to bring it into conformity with the requirements of Section 902.4 of the Township's Zoning Ordinance.

10

Additionally, while Lynch alleged that the unproved illegality had caused flooding and water damage in his basement, he offered no evidence of causation other than his own discredited opinion. As a result, the trial court did not err in determining that Lynch does not have standing under Section 617 to maintain the instant action. *See Geschwindt*, 1 A.3d at 975-76 ("When proceeding under Section 617 of the MPC, it is not sufficient to simply allege that one is aggrieved by the fact that a zoning regulation has not been enforced, one must show that the alleged violation has damaged Appellants' property to the point that the party is 'substantially affected.' We agree with the trial court that Appellants failed to meet their burden of proving how they were substantially affected by the garage…. Appellants [also] failed to prove that the business functions occurring at the home had any impact on the neighborhood and there was no evidence that the [business] vehicles were at Wagner's home other than for short periods of time.") (citation omitted).[7]

---

[7] Based on our disposition of this issue, we will not reach the other allegations of error raised by Lynch in this appeal relating to the merits of the case or the trial court's evidentiary rulings as he did not have standing to maintain the action in the first instance. However, Lynch's final claim that the trial court exhibited bias in its rulings and questions requires comment. It is presumed in Pennsylvania that a judge is unbiased and impartial, *Beharry v. Mascara*, 516 A.2d 872, 875 (Pa. Cmwlth. 1986), *appeal denied*, 527 A.2d 548 (Pa. 1987), and that a judge has the ability to assess his or her ability to make rulings impartially and without prejudice. *Commonwealth v. Tedford*, 960 A.2d 1, 55 (Pa. 2008). Our review of the record of this case confirms the foregoing and demonstrates that the trial court disposed of this matter in a just and expeditious manner. Moreover, it is well settled that a party seeking recusal or disqualification of a trial judge must raise the objection at the earliest possible moment or the claim will be regarded as time barred. *Reilly v. Southeastern Pennsylvania Transportation Authority*, 489 A.2d 1291, 1300 (Pa. 1985). "Once the trial is completed with the entry of a verdict, a party is deemed to have waived his right to have a judge disqualified, and if he has waived that issue, he cannot be heard to complain following an unfavorable result." *Id.* (citation omitted). In disregard of Pa. R.A.P. 2117(c) and 2119(e), Lynch has failed to include in his brief any statement advising the manner in which the issue was raised in the trial court and the place in the
**(Footnote continued on next page…)**

11

Accordingly, the trial court's order is affirmed.

---

**(continued…)**

record where the preservation of this issue may be found. Therefore, we deem this argument waived.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph F. Lynch,            :
            Appellant      :
                           :
        v.                 : No. 465 C.D. 2015
                           :
Denise Solana              :


**PER CURIAM**


**O R D E R**


AND NOW, this 29<u>th</u> day of <u>September</u>, 2015, the order of the Montgomery County Court of Common Pleas dated March 17, 2015, at No. 2009-00863, is affirmed.