IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale Senehi,                                    :
                    Appellant                   :
                                                :
        v.                                      : No. 1990 C.D. 2015
                                                : Submitted: April 15, 2016
Lower Merion School District,                   :
Township of Lower Merion,                       :
Montgomery County Board                         :
of Assessment Appeals                           :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: May 12, 2016


        Dale Senehi (Taxpayer) appeals, *pro se*, from an order of the
Montgomery County Court of Common Pleas (trial court) setting the fair market
value of his residential property to $800,000.00 with an assessed value of
$460,000.00 for the 2015 tax year. We affirm.


**I.**

        In June 2013, Taxpayer purchased residential property located at 236
River Road in Lower Merion Township, Montgomery County, Pennsylvania
(Property) for $1,100,000.00.  The Property land area is 7,794 square feet and is
improved with a three-story house built in 2013 with 3,380 square feet of gross

living area above grade. The Property was originally assessed at $587,450.00, effective July 1, 2013, with an implied fair market value of $1,021,700.00.[1]

Taxpayer appealed that assessment to the Montgomery County Board of Assessment Appeals (Board) and after a hearing was held, the Board issued a decision leaving the assessment unchanged. Taxpayer appealed the Board's decision to the trial court contesting the assessment was in error[2] and lacked uniformity with other assessments.[3] Both Lower Merion School District (District) and Lower Merion Township (Township) intervened.

---

[1] The Common Level Ratio for Tax Year 2015 was 57.5%.

[2] In a tax assessment case, the Board has the initial burden of presenting its assessment records into evidence, which establish a *prima facie* case of the validity of the assessment. *Expressway 95 Business Center, LP v. Bucks County Board of Assessment*, 921 A.2d 70, 76 (Pa. Cmwlth. 2007). The burden then shifts to the property owner to present sufficient evidence to rebut the assessment's validity. *Id.* "Where the taxpayer's testimony is relevant, credible and un-rebutted, the court must give it due weight and cannot ignore it in determining a property's fair market value. Where the taxing authority presents rebuttal evidence, the court must determine the weight to be given all the evidence." *Koppel Steel Corporation v. Board of Assessment Appeals of Beaver County*, 849 A.2d 303, 307 (Pa. Cmwlth. 2004) citing *Deitch Company v. Board of Property Assessment, Appeals and Review of Allegheny County*, 209 A.2d 397 (Pa. 1965).

[3] Article VIII, Section 1 of the Pennsylvania Constitution provides that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." Pa. Const. art. VIII, §1. This constitutional uniformity requirement is based on the general principle that "taxpayers should pay no more or less than their proportionate share of government." *Downingtown Area School District v. Chester County Board of Assessment Appeals*, 913 A.2d 194, 199 (Pa. 2006). To meet the uniformity requirement, "all property must be taxed uniformly, with the same ratio of the assessed value to actual value applied throughout the taxing jurisdiction." *Clifton v. Allegheny County*, 969 A.2d 1197, 1224 (Pa. 2009).

The trial court held a *de novo* hearing, and after the Board offered into evidence a residential property record card with the assessment, Taxpayer entered numerous exhibits into evidence that detail 11 properties allegedly similar to his Property. Only three of the properties actually included information regarding both fair market value and assessed value. Even though the appraiser who prepared it was not present at trial, Taxpayer also entered into evidence an appraisal, without objection, that estimated the Property's fair market value to be $800,000.00. Notwithstanding that it was his appraisal, Taxpayer sought to further reduce his appraiser's valuation because he allegedly failed to take into account defects in the Property, as well as the fact that the Property did not have a backyard and was adjacent to both a railroad and an expressway.[4]

The Board, District and Township moved for a directed verdict on both of Taxpayer's challenges to the Property's assessment. The trial court granted a directed verdict to dismiss Taxpayer's uniformity challenge, but denied a directed verdict as to the valuation of the Property and went on to decide the case on the merits. The trial court gave credit to the appraisal offered by Taxpayer, without further modification, finding Taxpayer's attempts to discredit the appraisal unpersuasive. The trial court assessed the Property as $460,000.00 with a

---

[4] During his testimony, Taxpayer made reference to an appraisal prepared by the District's expert, but objections were sustained as to Taxpayer's use of or reference to the document because the District's appraisal was never entered into evidence and was, therefore, not part of the record before the trial court or before this Court on appeal.

valuation of $800,000.00, effective January 1, 2015. Taxpayer then filed this appeal.

## III.

## A.

On appeal,[5] Taxpayer first contends that the trial court erred and abused its discretion in setting the fair market value of his Property at $800,000.00 because it failed to take into account significant defects that were alleged by Taxpayer but were not included in his appraisal's valuation of the Property.

Contrary to Taxpayer's assertions, the trial court did not abuse its discretion by fully adopting the appraisal's valuation. Despite Taxpayer's attempts to discredit his own appraiser, the trial court found that Taxpayer's testimony relating to alleged flaws in the appraiser's report unpersuasive. As this Court has explained, in a tax assessment appeal, the trial court is the ultimate finder of fact, and it is the duty of the trial judge sitting without a jury to evaluate the credibility of witnesses and to assign weight to the evidence presented. *In re Springfield School District*, 101 A.3d 835, 846-47 (Pa. Cmwlth. 2014).

---

[5] Our review of a tax assessment case is limited to determining whether the trial court abused its discretion, committed an error of law or is supported by substantial evidence. *Willow Valley Manor, Incorporated v. Lancaster County Board of Assessment Appeals*, 810 A.2d 720 (Pa. Cmwlth. 2002), *appeal denied*, 819 A.2d 549 (Pa. 2003).

**B.**

Taxpayer also contends that the trial court erred in granting a directed verdict to dismiss his uniformity challenge.[6] As the Pennsylvania Supreme Court has explained:

> A taxpayer complaining that administration of a tax violates its right to be taxed uniformly with others in its class must demonstrate "deliberate, purposeful discrimination in the application of the tax . . . before constitutional safeguards are violated." . . . *Compare Sunday Lake Iron Company v. Wakefield Township*, 247 U.S. 350 (1918) (although appellant's assessment was probably higher than the assessments of others taxed under the same statute, no violation of equal protection occurred absent evidence of "systematic undervaluation . . . of other taxable property" or "any purpose or design (of the taxing authority) to discriminate"), *with Cumberland Coal Company v. Board of Revision*, 284 U.S. 23, 28-29 (1931) (relief accorded taxpayer whose property had been taxed at full value despite systematic undervaluation of other taxpayer's property). Appellant has the burden of proof of showing the discriminatory pattern which might entitle him to relief: "the validity of . . . actions (of taxing authorities) is presumed; when assailed, the burden of proof is upon the complaining party." In *Amidon v. Kane*, 279 A.2d 53, 60 (Pa. 1971), we said "the challengers of the constitutionality of state or local taxation bear a heavy burden . . . .

---

[6] When reviewing a motion for a directed verdict, this court's review is limited to determining whether the trial court abused its discretion or committed an error of law. *Geschwindt v. Wagner*, 1 A.3d 970, 973 n.2 (Pa. Cmwlth. 2010). A motion for a directed verdict may be granted only where the facts are clear and there is no room for doubt. *Id.* at 974. In ruling on a motion for a directed verdict, the trial court must consider the facts in the light most favorable to the non-moving party and must accept as true all evidence which supports that party's contention and reject all adverse testimony. *Id.*

5

*Fisher Controls Company, Incorporated v. Commonwealth*, 381 A.2d 1253, 1256-57 (Pa. 1977) (citations omitted).

Even when viewed in the most favorable light, we agree with the trial court that Taxpayer failed his heavy burden of establishing "various valuations at issue, and then demonstrat[ing] how the disparate ratios of assessed-to-market value violate the uniformity requirement." *Clifton v. Allegheny County*, 969 A.2d 1197, 1214 (Pa. 2009). Taxpayer only offered the assessed-to-market values of three similarly situated properties and failed to provide any expert opinion or lay testimony that would indicate deliberate misconduct by the Board, District or Township. Because the trial court could not divine a systematic or deliberate disparity in assessed-to-market values based upon such minimal evidence, the trial court correctly held that Taxpayer did not satisfy the heavy burden of proof required to rebut the 2015 assessment's presumed validity.

Accordingly, because the trial court did not err in setting the fair market value of Taxpayer's Property to $800,000.00 with an assessed value of $460,000.00 for the 2015 tax year, and did not err in granting a directed verdict for Taxpayer's uniformity challenge, the trial court's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Dale Senehi,<br>　　　　　　Appellant | :<br>:<br>: |
| 　　　　v. | : No. 1990 C.D. 2015<br>: |
| Lower Merion School District,<br>Township of Lower Merion,<br>Montgomery County Board<br>of Assessment Appeals | :<br>:<br>:<br>: |

# **O R D E R**

AND NOW, this 12th day of May, 2016, it is hereby ordered that the Order of the Court of Common Pleas of Montgomery County dated June 26, 2015, is affirmed.

_____
DAN PELLEGRINI, Senior Judge