**LOWER MOUNT BETHEL TOWNSHIP**

v.

**NORTH RIVER COMPANY, LLC.**

**Appeal of: North River Company, LLC and Anthony J. Sabella.**

Commonwealth Court of Pennsylvania.

Argued Oct. 18, 2011.

Decided Jan. 20, 2012.

Erv D. McLain, Bethlehem, for appellant North River Company, LLC.

Anthony J. Sabella, pro se.

Trisha M. Majumdar, Allentown, for appellee.

BEFORE: PELLEGRINI, Judge,[1] and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

North River Company, LLC (North River) appeals from: (1) the April 8, 2010, order of the Court of Common Pleas of Northampton County (trial court) granting Lower Mount Bethel Township's (Township) motion for judgment on the pleadings in an enforcement action; and (2) the August 31, 2010, trial court order directing North River to pay $31,854.05 in attorney fees to the Township. Anthony J. Sabella (Sabella) also appeals from the March 9, 2009, order of the trial court denying Sabella's petition for leave to intervene. We affirm all three orders.

North River is a Pennsylvania limited liability company and the owner of property at 4650 N. Delaware Drive, Easton, Pennsylvania (Property). Sabella is an officer, shareholder and agent of North River. North River operates a coffee shop on the Property, which is located in both the agricultural zoning district and the conservation overlay zoning district. A coffee shop is not a permitted use in either of these districts.

In September 2005, North River began constructing an enclosed porch and deck attached to the coffee shop without first obtaining a building permit. On January 5, 2006, the Township's building code officer posted a stop-work order on the Property. North River filed a zoning appeal with the Zoning Hearing Board (ZHB), seeking a variance to continue operation of the coffee shop with the porch and deck.

After a hearing on the matter, on May 18, 2006, the ZHB granted North River a variance to operate the coffee shop with the porch and deck subject to several conditions. One of the conditions was that North River must allow the Township's building code officer to inspect the original structure, the porch and the deck to ensure compliance with the Uniform Construction Code (Code), 34 Pa.Code §§ 401.1—405.42. North River did not appeal this decision. However, North River did not allow the building code officer to inspect the Property to ensure compliance with the Code and continued to operate

---

1. This case was assigned to the opinion writer before January 7, 2012, when Judge Pellegrini became President Judge.

the coffee shop utilizing the porch and deck.

On December 4, 2006, the Township's zoning officer sent North River a zoning enforcement notice (Enforcement Notice) informing North River that its use of the Property was in violation of the Township's zoning ordinance (Ordinance) and that North River failed to comply with the ZHB's decision of May 18, 2006, which is also a violation of the Ordinance.

On February 7, 2007, the Township filed a civil complaint against North River with the magisterial district judge (MDJ). The Township sought fines and attorney fees for North River's failure to comply with the Enforcement Notice. On July 24, 2007, the MDJ entered judgment in the amount of $2,519.50 in favor of the Township, which included $2,000.00 in fines, $500.00 in attorney fees and $19.50 in court costs.

North River appealed to the trial court and sought a rule requiring the Township to file a complaint.[2] The Township filed its complaint with the trial court in September 2007. In response, North River filed an "Answer, New Matter, Third Party Complaint, and Counterclaim," which raised issues relating to the Township's issuance of the Enforcement Notice.[3]

The Township filed preliminary objections seeking dismissal of North River's new matter and counterclaim. On February 14, 2008, the trial court sustained the Township's preliminary objections and dismissed the new matter and counterclaim for lack of jurisdiction. The trial court explained that, because North River failed to appeal the Enforcement Notice to the ZHB, the Enforcement Notice was unassailable; thus, the trial court's jurisdiction was limited to a review of the penalties imposed by the MDJ.

Sabella filed, among other things, a motion to reconsider and vacate the order of the trial court; however, the trial court dismissed Sabella's filings because Sabella was not a party to the action. Sabella then filed a petition for leave to intervene, which the trial court denied on March 9, 2009. Sabella filed a motion for reconsideration and an application for a determination of finality under Pa. R.A.P. 341(c). The trial court denied the motion for reconsideration, and Sabella filed an appeal to this court. The Township, in response, filed a motion to quash the appeal. On August 18, 2009, this court granted the motion to quash and dismissed Sabella's appeal without prejudice to its right to appeal the denial of intervention following issuance of a final order by the trial court.

■ The Township filed a motion for judgment on the pleadings with the trial court, and, on April 8, 2010, the trial court granted the Township's motion because North River had not appealed the Township's Enforcement Notice to the ZHB. The trial court also ordered a hearing to determine appropriate sanctions under section 617.2 of the Pennsylvania Municipalities Planning Code (MPC).[4] On Au-

---

**2.** Pursuant to Pa. R.C.P.M.D.J. No. 1004(B), if the appellant in an action before a MDJ is the defendant, the appellant shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty days.

**3.** North River asserted various affirmative defenses and causes of action relating to the Township's Enforcement Notice, including

unlawful harassment, breach of contract, fraudulent misrepresentation, and a violation of North River's due process rights.

**4.** Act of July 31, 1968, P.L. 805, *as amended*, added by section 62 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10617.2. Section 617.2(a) of the MPC provides, in pertinent part, as follows:

gust 23, 2010, the trial court ordered North River to pay attorney fees to the Township in the amount of $31,854.05. North River and Sabella now appeal to this court.[5]

### Sabella

■ Sabella contends that the trial court erred in denying his petition to intervene. Specifically, Sabella argues that he has a right to intervene because he could have been joined as an original party in the action and because the determination of this action will affect his interests, i.e., he faces the possibility of imprisonment under section 1161 of the Ordinance if North River fails to pay the fine imposed upon it for violating the Ordinance.[6] We disagree.

Pennsylvania Rule of Civil Procedure No. 2327(3) and (4) provides:

At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein . . . if . . .

(3) such person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of

such person whether or not such person may be bound by a judgment in the action.

With respect to whether Sabella could have been joined as a party in the enforcement action, the Township filed the complaint against North River because North River, a limited liability company, is the owner of the Property. Indeed, under section 8923(a) of the Limited Liability Company Law of 1994 (LLC Law), 15 Pa.C.S. § 8923, property acquired by a limited liability company becomes the property of the company, and "[a] member has no interest in specific property of a company." Because Sabella had no interest in the Property as a matter of law, he could not have been joined as an original party.[7]

With respect to whether any legally enforceable interest of Sabella may be affected by the judgment, Sabella contends that he could go to prison if North River fails to pay a fine imposed under section 1161 of the Ordinance. However, the Township filed its complaint under section 617.2 of the MPC, not section 1161 of the Ordinance, and section 617.2 of the MPC does not provide for imprisonment under any circumstances. In *Township of Penn v.*

---

Any person, partnership or corporation who or which has violated or permitted the violation of the provisions of any zoning ordinance enacted under this act or prior enabling laws shall, upon being found liable therefor in a civil enforcement proceeding commenced by a municipality, **pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof**. . . . If the defendant neither pays nor timely appeals the judgment, the municipality may enforce the judgment pursuant to the applicable rules of civil procedure.

53 P.S. § 10617.2(a) (emphasis added).

**5.** Our review of the trial court's decision in a zoning enforcement action where no appeal was taken to the ZHB is whether there was an abuse of discretion or an error of law. *Lower*

*Southampton Township v. Dixon*, 756 A.2d 147, 150 n. 7 (Pa.Cmwlth.2000).

**6.** Section 1161 of the Ordinance states that the owner, agent, contractor, lessee or tenant of property relating to a violation shall, upon conviction, be sentenced to pay a fine, and, in default of the fine, the person shall be liable for imprisonment for not more than sixty days.

**7.** Sabella contends that he could have been joined as an original party because the Township treated him as the applicant for the building permit. However, in doing so, the Township simply recognized that Sabella was an agent for North River, not the actual owner of the Property.

*Seymour,* 708 A.2d 861, 865–66 (Pa. Cmwlth.1998), this court explained that, prior to 1988, municipalities enforced zoning ordinances by instituting summary criminal actions, but with section 617.2, the procedure changed from being a criminal matter to being a civil matter.[8] To the extent that section 1161 of the Ordinance provides for possible imprisonment, the provision conflicts with section 617.2 of the MPC; thus, section 1161 is implicitly repealed.[9] *See Cohen v. Ford,* 19 Pa. Cmwlth. 417, 339 A.2d 175, 178 (1975).

### North River

North River first contends that the trial court erred in granting the Township judgment on the pleadings.[10] We disagree. As the trial court indicated, North River's failure to appeal the Township's Enforcement Notice to the ZHB "renders the violation notice unassailable."[11] *Township of Penn,* 708 A.2d at 864. Because the Township was certain to succeed with respect to the underlying violation, the Township was entitled to judgment on the pleadings.

North River next argues that the Township's complaint was moot because North River was in compliance with the

Ordinance at the time the complaint was filed in September 2007. However, when the Township filed its complaint, the case or controversy did not involve compliance with the Ordinance; it involved the imposition of sanctions under section 617.2 of the MPC for North River's violation. That matter was not moot. *See Atlantic Inland, Inc. v. Township of Bensalem,* 39 Pa.Cmwlth. 180, 394 A.2d 1335, 1337 (1978) (stating that the voluntary cessation of improper conduct does not make moot the issue of damages).

North River also argues that the trial court erred in awarding attorney fees under section 617.2 of the MPC without also ordering North River to pay a money judgment. It is true that, under section 617.2(a) of the MPC, a violator "shall" pay a judgment plus reasonable attorney fees. 53 P.S. § 10617.2(a). However, failing to require North River to pay a judgment greater than zero dollars does not mean that North River is excused from paying reasonable attorney fees. The award of attorney fees is **not** dependent upon the imposition of a money judgment; the attorney fees are in addition to any money judgment that might be imposed.[12]

8. This court specifically pointed out that imprisonment is not an available remedy under section 617.2 of the MPC. *Township of Penn,* 708 A.2d at 865.

9. We also note that, under Pa. R.C.P. No. 2329, an application for intervention may be refused if the interest of the petitioner is already adequately represented. Sabella's interests were adequately represented in the action by North River.

10. With regard to the trial court's grant of judgment on the pleadings, our review is plenary, and we must determine if the grant was based on an error of law or whether there are unresolved issues that would properly go before a jury. We will affirm a judgment on the pleadings only when the moving party's right to succeed is certain, the case is free from

doubt, and a trial clearly would be a fruitless exercise. *Pfister v. City of Philadelphia,* 963 A.2d 593, 598 (Pa.Cmwlth.2009).

11. Despite North River's various arguments based on other allegations in the pleadings, the only material fact here is that North River failed to appeal the Enforcement Notice. We also reiterate that, to the extent North River makes arguments based on section 1161 of the Ordinance, we have indicated that the provision was implicitly repealed by the enactment of section 617.2 of the MPC.

12. We note that, if we were to agree with North River on this issue, our remedy would be to remand this case for an order requiring North River to pay an amount greater than zero dollars as a judgment. We would not simply reverse the award of attorney fees.

■ North River further argues that the trial court erred in awarding attorney fees incurred by the Township as a result of North River's third-party complaint and Sabella's petition to intervene because those matters did not relate to the violation. However, in *Borough of Bradford Woods v. Platts,* 799 A.2d 984, 991 (Pa. Cmwlth.2002), this court held that an award of attorney fees under section 617.2 of the MPC includes all attorney fees incurred as a result of the violation, including attorney fees incurred in appeals. Because the Township incurred attorney fees for the third-party complaint and Sabella's petition to intervene as a result of North River's appeal to the trial court, North River is liable to the Township for those attorney fees.

■ North River also maintains that the Township had a duty to mitigate its attorney fees by ending its litigation once North River came into compliance. In this regard, North River asserts that it was unreasonable for the trial court to award the Township $31,854.05 in attorney fees to obtain a judgment of zero dollars for a violation that did not exist when the Township filed its complaint in September 2007. However, if the Township had withdrawn its complaint, the Township would not have been able to recover the attorney fees it incurred in the proceedings before the MDJ, and the Township had a right under section 617.2 of the MPC to recover those fees. Moreover, the Township had no control over North River's or Sabella's trial court filings, which caused the Township to incur additional attorney fees. It is not clear how the Township could have mitigated those fees.[13]

---

13. In *Mountain View Condominium Association v. Bomersbach,* 734 A.2d 468, 471 (Pa. Cmwlth.1999), this court stated that, where a party has a statutory right to attorney fees and the opposing party has engaged in

■ Next, North River contends that the trial court erred in awarding fees that were unrelated to the enforcement notice, and which were unsubstantiated, improperly commingled or otherwise questionable. However, North River's attorney reviewed the Township's invoices at the hearing before the trial court and, afterward, stated on the record:

> The rates certainly are fair and reasonable from my perspective for those charges in the Valley. And going through the bills, I didn't see anything out of the ordinary in the *appropriate preparation for conduct of the case.* And so that's not our dispute that their *rates are fair and reasonable* or that *they did the work that they've billed for.* We believe that pursuant to the statutory scheme that we are not responsible for it.

(N.T. at 8; S.R.R. at 8) (emphasis added). A judicial admission by an attorney during the course of a trial is binding upon his client. *Bartholomew v. State Ethics Commission,* 795 A.2d 1073, 1078 (Pa.Cmwlth. 2002).

A Judicial admission is "an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission," and may be contained in pleadings, stipulations and other like documents.... An important facet of such an admission is that it has been made for the advantage of the admitting party and once the admission has been made, the party making it is not allowed to introduce evidence attempting to disprove it.

---

"trench warfare" to prevent the collection of those fees, the party need not accept anything less than the full amount to which the party is entitled.

*Sherrill v. Workmen's Compensation Appeal Board (School District of Philadelphia)*, 154 Pa.Cmwlth.492, 624 A.2d 240, 243 (1993) (citations omitted). Having considered North River's challenges to specific fees, we conclude that, based on the attorney's statement on the record, North River has waived those challenges.

Accordingly, we affirm the trial court orders of March 9, 2009, April 8, 2010, and August 31, 2010.

#### ORDER

AND NOW, this 20th day of January, 2012, the March 9, 2009, April 8, 2010, and August 31, 2010, orders of the Court of Common Pleas of Northampton County are hereby affirmed.