IN THE COMMONWEALTH COURT OF PENNSYLVANIA

West Hempfield Township        :
                                       : No. 1972 C.D. 2015
              v.             : Argued: March 7, 2016
                                       :
Daniel Heisey,               :
                                       :
           Appellant   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                             FILED:  May 12, 2016

Daniel Heisey (Heisey) appeals from an order of the Court of Common Pleas of Lancaster County (trial court) that entered judgment against him in favor of West Hempfield Township (Township) in the amount of $7,690 and permanently enjoined him from violating provisions of the West Hempfield Township Zoning Ordinance of 1988 (Ordinance) relating to the storage of recreational vehicles, storage of unlicensed, uninspected or inoperable vehicles, and outdoor stockpiling.  Heisey, who appealed the trial court's order without filing a post-trial motion, claims the trial court denied him due process, imposed excessive fines, and improperly granted injunctive relief.  In addition, he asserts the findings of violations were not supported by substantial evidence and were based on a misinterpretation of the Ordinance.  After careful review, we dismiss Heisey's appeal for failure to file a post-trial motion.

## Background

Heisey occupies property[1] located within the Township identified as 271-273 Prospect Road, Mount Joy, Lancaster County, Pennsylvania (Property), which is located in the rural agricultural district. In 2002, Heisey along with the record owner of the Property, Lisa Shannon, requested a special exception from the West Hempfield Township Zoning Hearing Board (Board) to continue a pre-existing nonconforming use of the Property as an excavating and landscape business and to permit an additional use for a home fuel oil delivery business. In October 2002, the Board granted the special exception to continue the landscaping and excavating business, subject to the conditions that a dump truck, tag-along equipment trailer, and truck tractor are the only vehicles permitted on the Property in conjunction with the business and one of the three vehicles must be garaged on the Property at all times. The Board denied their request to operate a fuel oil business.

In October 2010, a Township zoning officer observed on the Property several parked or stored commercial, unlicensed or uninspected vehicles, a vehicle partially disassembled and mounted on jacks, piles of assorted material, a travel trailer, and four boats. The zoning officer sent an enforcement notice pursuant to Section 616.1 of the Pennsylvania Municipalities Planning Code (MPC)[2] to Heisey, and the new record owner of the Property, Mohammad Ghazzoul. The notice charged Heisey with violating Sections 701.15, 701.19 and 701.23 of the

---

[1] It is not clear whether Heisey is a tenant or an equitable owner of the Property. *See* Reproduced Record (R.R.) at 13a, 61a. Regardless, Heisey's status is irrelevant to this determination.

[2] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L., 1329, *as amended,* 53 P.S. §10616.1.

2

Ordinance.[3]  The Township sent the notice to Heisey at 273 Prospect Road, Mount Joy, Pennsylvania by certified mail, return receipt requested, and by first class

---

[3] These sections provide:

**701.15 RECREATION VEHICLES**
Recreation vehicles, trailers and boats (including boat trailers) may be parked or stored in any zoning district subject to the following regulations:
A. Parking or storage is permitted at any time inside an enclosed structure, which structure conforms to the zoning requirements of the particular district.
B. Parking or storage is permitted outside only in the side yard, the rear yard, or partially in both, provided:
    1. Inside parking or storage is not possible.
    2. The unit is not located nearer than three (3) feet to the side or rear lot line.
    3. The unit can be parked or stored in a safe and secure manner so as not to be a hazard to either persons or property.
    4. The unit shall be located behind the building line of the dwelling.
C. While parked or stored, a recreation vehicle, trailer or boat shall not be:
    1. Used or occupied for dwelling purposes, except for sleeping by visitors of the owner or occupant of the lot for a period not exceeding 14 days in any one calendar year.
    2. Permanently or temporarily connected to sewer lines, or permanently connected to water or electrical lines. A unit may be temporarily connected to water and electric lines while used during the times specified in paragraph (1) of this subsection or while being loaded, unloaded or serviced as provided in subsection D hereof.
    3. Used for storage of goods, materials, or equipment other than those items considered to be part of the unit or essential for its immediate use.
D. Notwithstanding the provisions of subsections A and B, hereof, a unit may be parked anywhere on the lot during active loading, unloading, or servicing of the unit for a period of time not in excess of thirty-six (36) hours.

**(Footnote continued on next page…)**

mail. The notice sent by certified mail was returned unclaimed; the notice sent by first class mail was not returned. No one appealed the enforcement notice.

Thereafter, in January 2011, the Township filed a civil enforcement action against Heisey in the magisterial district court, pursuant to Sections 617.1 and 617.2(a) of the MPC[4] seeking statutory sanctions for violations of the Ordinance as listed in the enforcement notice. In May 2011, Magisterial District

---

**(continued…)**

> E. A maximum of one unit may be stored on any lot of ten thousand (10,000) square feet or less. In no instance shall any lot contain more than two units stored outdoors, unless it is a Township approved storage facility.
>
> **701.19    OUTDOOR    STOCKPILING    AND ACCUMULATIONS**
> The following regulations shall apply in all zoning districts:
> A. No outdoor stockpiling of any material or outdoor storage of trash is permitted in the front yard. In any residential district, the outdoor stockpiling of materials (except firewood) for more than thirty (30) days is prohibited.
> B. The outdoor accumulation of trash, garbage, refuse, or junk for a period exceeding fifteen (15) days is prohibited.
>
> **701.23 UNLICENSED AND UNINSPECTED AND/OR INOPERABLE VEHICLES**
> Automotive vehicles, including inoperable motor vehicles and /or trailers of any kind or type, without a current license plate and current inspection shall not be parked or stored on any property in excess of thirty (30) days unless such vehicle shall be located within a completely enclosed building.

R.R. at 23a.

[4] Both sections were added by the Act of December 21, 1988, P.L., 1329, 53 P.S. §§10617.1, 10617.2(a). Section 617.1 of the MPC provides magisterial district courts "shall have initial jurisdiction over proceedings brought under section 617.2." 53 P.S. §10617.1. Section 617.2(a) of the MPC authorizes a municipality to commence an action seeking civil penalties for violations of a zoning ordinance. 53 P.S. §10617.2(a).

Judge Robert A. Herman (Magistrate Herman) entered judgment in favor of the Township against Heisey in the amount of $5,000, plus filing fees of $173.74 and attorney's fees of $1,190. Heisey timely filed an appeal in the trial court as well as a praecipe to enter a rule upon the Township to file a complaint.

The Township answered the rule by filing a complaint against Heisey alleging the continuation of zoning violations stemming from the Board's 2002 decision and Magistrate Herman's 2011 judgment. The Township requested statutory sanctions in the maximum amount of $500 per day as well as attorney's fees. The Township also requested an injunction to permanently prohibit Heisey from parking or storing recreational vehicles, unlicensed and uninspected vehicles, and stockpiling materials outside of the enclosed buildings on the Property in violation of the Ordinance. Heisey filed an answer and new matter, to which the Township replied.

On December 16, 2014, and January 24, 2015, the trial court held a non-jury trial. At the conclusion of the trial, the trial court requested the parties to file proposed findings of fact and conclusions of law and post-hearing briefs within 15 days of the receipt of the transcripts, which they did. On July 16, 2015, the trial court issued a memorandum and decision, in which it entered judgment in favor of the Township for the violations noted on the enforcement notice. The trial court did not conduct *de novo* review as to whether Heisey violated the Ordinance as described in the enforcement notice, but instead ruled there was a conclusive determination of the violations because Heisey did not appeal the enforcement notice to the Board. Although Heisey claimed he never received proper notice of the enforcement, Heisey conceded he lived at 271-273 Prospect Road, Mount Joy.

5

The trial court then assessed the appropriateness of the fine and the reasonableness of the fees requested. The trial court ascertained the number of violations contained in the enforcement notice. With respect to the violation of Section 701.19, the enforcement notice stated that, on October 8, 2010, "there were piles of materials accumulated on the [P]roperty that have been there for at least two weeks." Trial Court Opinion, 7/16/2015, at 13. As there was no description as to how many piles were present, the trial court imposed a fine for a single violation. With regard to Section 701.23, the enforcement notice stated "there were two commercial vehicles on the [P]roperty that were stored outside of a building and were not licensed or inspected ... [and] a vehicle up on jacks with many parts removed that was stored outside a building." Trial Court Opinion at 14. As a result, the trial court found three separate violations of Section 701.23. As for Section 701.15, the enforcement notice stated "there were four boats and a travel trailer located on the [P]roperty that have been there at least four weeks." Trial Court Opinion at 14. Since it was unclear whether Heisey was permitted to park one or two recreational vehicles outside, without violating the Ordinance, the Court found only three violations. In sum, the trial court found seven violations and assessed civil penalties of $500 for each one for a total of $3,500.

In addition, the trial court awarded reasonable attorney fees in the amount of $4,190, which was less than the amount the Township requested. The trial court also granted the Township's request for injunctive relief by issuing a permanent injunction against Heisey enjoining him from violating Sections 701.15, 701.19, and 701.23 of the Ordinance.

From this decision, Heisey filed an appeal in the Superior Court. He also filed a concise statement of errors complained of on appeal with the trial court

6

pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The Superior Court directed Heisey to show cause why the appeal should not be transferred to Commonwealth Court and whether he was required to file post-trial motions with the trial court. Heisey agreed that this Court has exclusive jurisdiction of the appeal. The Superior Court transferred the matter here. We directed the parties to address the issue of post-trial motions in their briefs on the merits.

In October 2015, the trial court filed an "Opinion Sur Appeal" in response to Heisey's Rule 1925(b) statement, in which it reaffirmed its earlier decision on the same grounds. With respect to Heisey's challenge that he never received proper notice of the underlying enforcement notice, the trial court found the issue frivolous because Heisey conceded he lived at 271-273 Prospect Road in Mount Joy and the notice was mailed to him at 273 Prospect Road. The trial court further rejected numerous other issues on the basis they were raised for the first time on appeal and, thus, were waived under Pa. R.A.P. 302.[5]

### Issues

On appeal,[6] Heisey contends he was not required to file post-trial motions in a zoning matter where the trial court instructed the parties to file post-trial memoranda prior to reaching a decision. In so doing, Heisey contends he preserved the issues raised on appeal.

---

[5] Rule 302 provides: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

[6] Our review of the trial court's decision in a zoning enforcement action where no appeal was taken to the zoning hearing board is whether there was an abuse of discretion or an error of law. *Lower Mount Bethel Township v. North River Co., LLC*, 41 A.3d 156, 160 n.5 (Pa. Cmwlth.), *appeal denied*, 50 A.3d 127 (Pa. 2012).

Turning to the merits of his appeal, Heisey claims he was denied due process because he did not receive the underlying enforcement notice and he was denied an opportunity to be heard. Even assuming proper notice, Heisey claims the Township waived any applicable presumption that the enforcement notice was valid and unassailable against him when it elected to present evidence instead of relying on that presumption.

In addition, Heisey argues he is entitled to reversal of civil fines and penalties imposed against him under the MPC because the findings of violations were based on a misinterpretation of the Ordinance, the evidence offered in support of the claimed violations was inadequate or inadmissible, and a defense witness was improperly excluded. Further, he asserts the trial court abused its discretion by imposing excessive fines and fees against him even though the Township failed to prove almost all of its claims or the duration of the claimed violations. Finally, Heisey maintains the trial court erred in granting injunctive relief. According to Heisey, there is no basis in law or fact for the grant of an injunction, and the injunction granted is vague, overbroad, and goes far beyond the subject enforcement proceeding.

**Discussion**

We first address the necessity of post-trial motions. Heisey contends he was not required to file a post-trial motion because this is a zoning matter. In zoning matters, all that is required is that, somewhere in the record, the issues raised on appeal were raised before the zoning hearing board or trial court. Heisey raised all the issues he seeks to raise on appeal before the trial court. Even if post-trial motions were required, Heisey asserts the post-trial memorandum he filed in this case was adequate to meet any such requirement.

8

The Township counters post-trial motions are required to preserve issues for appeal regardless of the fact that this case arose from the enforcement of a zoning ordinance. This matter is not an appeal from a determination of a zoning hearing board or other local agency. Instead, it is a complaint filed under the Pennsylvania Rules of Civil Procedure, which requires post-trial motions. Pa. R.C.P. No. 227.1 It is immaterial that post-trial memoranda were filed by the parties, prior to the trial court's decision. The Pennsylvania Supreme Court expressly holds that post-trial memoranda are not a substitute for post-trial motions for purposes of issue preservation. *Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54 (Pa. 1998). Thus, the Township maintains that, by failing to file a post-trial motion, Heisey did not preserve any issues for appeal.

Rule 227.1 of the Pennsylvania Rules of Civil Procedure requires that any party seeking post-trial relief must file a post-trial motion specifying the grounds for relief and stating how the grounds were asserted in pre-trial proceedings or at trial. Pa. R.C.P. No. 227.1(b). Post-trial motions must be filed within 10 days after the filing of the decision in the case of a trial without a jury. Pa. R.C.P. No. 227.1(c)(2).

To preserve issues for appeal, parties must file post-trial motions following a verdict entered after a trial in law or equity. *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). This applies where a trial court conducts a trial in a zoning enforcement action under the MPC. *See Peden v. Gambone Brothers Development Co.*, 798 A.2d 305, 313 n.9 (Pa. Cmwlth. 2002); *Siegmon v. Duschak*, 714 A.2d 489, 491 (Pa. Cmwlth. 1998); *see also Geschwindt v. Wagner*, 1 A.3d 970, 975 n.3 (Pa. Cmwlth. 2010).

9

Where post-trial motions are required but not filed, a party waives all issues on appeal. *P.S. Hysong v. Lewicki*, 931 A.2d 63, 67 (Pa. Cmwlth.), *appeal denied*, 940 A.2d 367 (Pa. 2007); *Warfield v. Shermer*, 910 A.2d 734, 737 (Pa. Super. 2006); *Diener Brick Co. v. Mastro Masonry Contractor*, 885 A.2d 1034, 1038 (Pa. Super. 2005); *Diamond Reo Truck Co. v. Mid-Pacific Industries*, 806 A.2d 423, 428 (Pa. Super. 2002). Failure to file post-trial motions necessitates dismissal of the appeal. *See P.S. Hysong; Warfield*; *Diamond Reo*.

The venerable purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review. *Chalkey*, 805 A.2d at 494 n.9. Indeed, "post-trial motions are filed when the court still has jurisdiction to correct the asserted errors 'at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts.'" *Diener Brick Co.*, 885 A.2d at 1039 (quoting *Diamond Reo*, 806 A.2d at 428).

As this Court recently reaffirmed, the filing of a post-trial motion is mandatory if a litigant wishes to preserve issues for further review. *Gibraltar Rock, Inc. v. New Hanover Township*, 118 A.3d 461, 464 (Pa. Cmwlth. 2015) (citing *Lane Enterprises*), *appeal denied*, 128 A.3d 222 (Pa. 2015). A trial court's order at the conclusion of a trial is not final for purposes of filing an appeal until the court decides any timely post-trial motions. *Chalkey*, 805 A.2d at 496. Rather, an appeal lies from entry of judgment subsequent to the trial court's disposition of post-trial motions. *Harvey v. Rouse Chamberlin, Ltd*., 901 A.2d 523, 524 n.1 (Pa. Super. 2006).

Relying on *Spencer v. Zoning Hearing Board of Rockland Township*, 533 A.2d 497 (Pa. Cmwlth. 1987), and *Owens v. Zoning Hearing Board of the*

10

*Borough of Norristown*, 468 A.2d 1195 (Pa. Cmwlth. 1983), Heisey argues post-trial motions are not required in zoning matters. Indeed, Rule 227.1(g) provides that, where a court of common pleas exercises its jurisdiction over statutory appeals from a final adjudication or determination of local agency or Commonwealth agency, the filing of a motion for post-trial relief is expressly prohibited. Pa. R.C.P. No. 227.1(g).

However, Heisey's reliance on these cases is misplaced. *Spencer* and *Owens* are readily distinguishable in that both are land use appeals from a final adjudication or determination of a zoning hearing board, in which post-trial motions are not required. *See Spencer; Owens; see also* Pa. R.C.P. No. 227.1(g). Neither case holds that post-trial motions are not required to preserve issues for appeal in other zoning-related matters, such as enforcement actions adjudicated in the court of common pleas. *See Spencer; Owens*. Therefore, these cases are inapposite.

Here, the matter before the trial court did not involve a statutory appeal from a final adjudication of a government agency, such as a zoning hearing board, in which post-trial motions are prohibited. Pa. R.C.P. No. 227.1(g). Rather, it involved an enforcement action under the MPC, in which the trial court entered judgment after a non-jury trial. Thus, post-trial motions were required to preserve the issues. *See Geschwindt; Peden; Siegmon*. The prohibition against post-trial motions in Rule 227.1(g) did not apply.

Contrary to Heisey's assertions, the post-trial memorandum, which he filed at the trial court's request prior to the court's decision, did not meet the requirement for filing post-trial motions. *Lane Enterprises*. In *Lane Enterprises*, the Pennsylvania Supreme Court squarely addressed this issue. There, the Superior

11

Court held that issues raised in post-trial memoranda, which were invited by and considered by the trial court, were preserved for appeal. However, the Supreme Court rejected this notion, and it succinctly held "[if] an issue has not been raised in a post-trial motion, it is waived for appeal purposes." 710 A.2d at 54.

Moreover, the failure to preserve issues in post-trial documents cannot be rectified by proffering them in response to an order of the court under Pa. R.A.P. 1925(b) for a concise statement of errors complained of on appeal. *Gibraltar Rock*, 118 A.3d at 465; *Diamond Reo*, 806 A.2d at 429. Indeed, the filing of a Pa. R.A.P. 1925(b) statement raising the issues is not an adequate substitute for the raising of the issues in post-trial motions. *Diener Brick Co.*, 885 A.2d at 1039. This is because a 1925(b) statement is filed *after* an appeal is filed, when the court no longer has jurisdiction over the matter and can no longer correct any error. *Id.*; *see* Pa. R.A.P. 1925. "Thus, issues that are waived for failure to file post-trial motions . . . cannot be revived or saved simply by raising those issues in a 1925(b) statement." *Gibraltar Rock*, 118 A.3d at 465 (quoting *Diamond Reo*, 806 A.2d at 429).

Finally, we note Heisey did not file any motion that could arguably be construed as a post-trial motion. *See Arches Condominium Association v. Robinson*, 131 A.3d 122, 130 (Pa. Cmwlth. 2015) (reconsideration motion treated as a post-trial motion that preserved issues for appellate review).

**Conclusion**

In sum, Heisey did not timely file a post-trial motion as required by Rule 227.1(c). In view of binding authority that the failure to file post-trial

motions in a proceeding to which Rule 227.1 applies results in a waiver of issues, we conclude Heisey did not preserve any issues for appellate consideration.[7]

Accordingly, we dismiss Heisey's appeal.

_MICHAEL H. WOJCIK, Judge_

MICHAEL H. WOJCIK, Judge

---

[7] Notwithstanding waiver for failure to file post-trial motions, Heisey would not otherwise prevail on appeal. Heisey's due process and substantial evidence claims constitute an impermissible, collateral attack on the unappealed enforcement notice. *See Potratz v. Department of Environmental Protection*, 897 A.2d 16, 19-20 (Pa. Cmwlth. 2006), *appeal denied*, 923 A.2d 1175 (Pa. 2007) (the doctrine of administrative finality precludes a collateral attack of an administrative action where the party aggrieved by that action foregoes his statutory appeal rights); *see also Lower Mount Bethel Township*, 41 A.3d at 161 (appellant's failure to appeal an enforcement notice to the zoning hearing board rendered the violation notice "unassailable."). Heisey did not otherwise preserve the issue regarding injunctive relief. *See* Trial Court Opinion Sur Appeal, 10/8/15, at 3; *see also* Pa. R.A.P. 302.

The only viable issue remaining is whether the trial court abused its discretion by imposing fines and fees against Heisey. Section 617.2(a) of the MPC expressly provides any person found liable for violating a zoning ordinance "shall … pay a judgment of not more than $500 plus all court costs, including reasonable attorney fees incurred by a municipality as a result thereof." 53 P.S. §10617.2(a); *accord Township of South Whitehall v. Karoly*, 891 A.2d 780, 783 (Pa. Cmwlth. 2006). "Each day that a violation continues shall constitute a separate violation." 53 P.S. §10617.2(a). Here, the trial court found seven zoning violations based on the unappealed enforcement notice and assessed the maximum daily fine of $500 for each. Although the Township requested $5,762.50 in legal fees, the trial court reduced the amount to $4,190 because the Township did not prevail on all claims litigated. Upon review, the trial court did not abuse its discretion by imposing fines and reasonable attorney fees as authorized under the MPC.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

West Hempfield Township      :
                                 : No. 1972 C.D. 2015
            v.           :
                                 :
Daniel Heisey,           :
                                 :
            Appellant  :

O R D E R

AND NOW, this 12th day of May, 2016, the appeal from the order of the Court of Common Pleas of Lancaster County, dated July 16, 2015, is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge