**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 25, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1054**

Cir. Ct. No.  **2021CX1**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

CITY OF WAUTOMA,

PLAINTIFF-APPELLANT,

V.

SHARON MAREK,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waushara County: CHAD A. HENDEE, Judge. *Affirmed*.

¶1       Blanchard, J.[1]   The City of Wautoma appeals a circuit court order dismissing a civil forfeiture action filed by the City against Sharon Marek. The

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

City contends that Marek violated its zoning ordinances by simultaneously leasing a property to multiple unrelated tenants in a district of the City that is zoned for single-family residential use. Significantly, given the way this case was prosecuted by the City, the property at issue is not owned by Marek. Instead it is owned by SMLM, LLC ("the LLC"). After a trial, the court dismissed the City's action based on its determination that the City's single-family residential zoning ordinances are rendered unenforceable by WIS. STAT. § 66.1014, which limits the power of local governments to place certain restrictions on the rental of residential dwellings. I affirm the court's ruling on a different ground, namely, that the City failed at trial to meet its burden to show that Marek as an individual violated the zoning ordinances; instead, the City at most proved ordinance violations by the LLC, which owns the property at issue.

## BACKGROUND

¶2      Marek is a member of the LLC, a Wisconsin limited liability company. The LLC is the sole owner of a building ("the property").[2] The LLC leases rooms in the property to tenants. Marek operates the rental business. Beginning in 2019, rooms in the property were simultaneously leased to multiple tenants who were not members of the same family.

---

[2] In her answer to the forfeiture action, Marek averred that she is "one of the members" of the LLC and that the LLC "owns the property," although no testimony to that effect was introduced at trial. Marek repeats these assertions on appeal. The City does not now argue to the contrary, and documents admitted at trial (specifically, a lease and a conditional use record) identify the LLC as the sole owner of the property. I conclude that for purposes of this appeal the City concedes that Marek is a member of the LLC and that the LLC is the sole owner of the property. *See Charolais Breeding Ranches, Ltd. v. FPC Secs. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (failure to respond may be taken as a concession).

¶3      The City named only Marek in the civil forfeiture action under review here.  The City alleged that, because the property is in a district zoned for single-family residential use, Marek violated municipal zoning ordinances when she "use[d] her single family residential property" as a multi-family dwelling.

¶4      In post-trial briefing, Marek argued in pertinent part that the only proper defendant, if any, in this forfeiture action as prosecuted by the City is the property's owner, the LLC, and that the City failed to show that Marek individually violated the ordinances that are the subject of this forfeiture.  Marek also argued that the City's single-family zoning ordinances at issue are unenforceable under WIS. STAT. § 66.1014.  The circuit court ruled in Marek's favor on this issue and on that basis dismissed the City's action.[3]  In its ruling, the court did not address the issue of whether—assuming that § 66.1014 does not render the zoning ordinances unenforceable—the City proved that Marek was individually liable for the ordinance violations.

## DISCUSSION

¶5      On appeal, the parties primarily dispute whether WIS. STAT. § 66.1014 prohibits enforcement of single-family residential zoning ordinances.  I

---

[3] While I do not reach these issues, I note the following for context.  WISCONSIN STAT. § 66.1014 provides in pertinent part that, subject to certain limitations, "a political subdivision may not enact or enforce an ordinance that prohibits the rental of a residential dwelling for 7 consecutive days or longer."  Sec. 66.1014(2)(a).  Here, the circuit court applied § 66.1014(1)(b). That statutory paragraph defines "residential dwelling" for purposes of the statute as "any building, structure, *or part of the building or structure*, that is used or intended to be used as a home, residence, or sleeping place by one person or by 2 or more persons maintaining a common household, to the exclusion of all others."  Sec. 66.1014(1)(b) (emphasis added).  The court determined that, based on that definition, § 66.1014 bars enforcement of ordinances that prohibit a property owner from renting any "part" of a building for use as a residence, and therefore it permits "multiple residential dwellings" within a single building.

do not reach that issue because I conclude, without regard to § 66.1014, that the City failed to meet its burden at trial to show that Marek violated the zoning ordinances that are the subject of this forfeiture. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010) (explaining that this court may generally affirm a circuit court's decision on different legal grounds).

¶6      To prevail in a civil forfeiture action alleging an ordinance violation, a municipality must "establish by a preponderance of the evidence … facts sufficient to demonstrate that the defendant has violated such ordinance." *Columbia Cnty. v. Bylewski*, 94 Wis. 2d 153, 167, 288 N.W.2d 129 (1980). "Whether a party has met its burden of proof is a question of law" reviewed de novo. *Hallin v. Hallin*, 228 Wis. 2d 250, 258, 596 N.W.2d 818 (Ct. App. 1999).

¶7      Limited liability companies in Wisconsin are "business entities created by statute." *Pagoudis v. Keidl*, 2023 WI 27, ¶18, 406 Wis. 2d 542, 988 N.W.2d 606. "[A]lthough an LLC is an association of members," it is nevertheless a "distinct legal entit[y] separate from [its] members." *Id.* Like other types of business entities, and as its name suggests, "an LLC grants its investors limited liability." *Marx v. Morris*, 2019 WI 34, ¶23, 386 Wis. 2d 122, 925 N.W.2d 112. Accordingly, an LLC member "'is not personally liable for any debt, obligation or liability of the limited liability company, except that a member or manager may become personally liable by his or her acts or conduct other than as a member.'" *Id.* (quoting WIS. STAT. § 183.0304(1) (2019-20)).[4] "[U]nder all

---

[4] In 2021, Wisconsin adopted new LLC statutes, which generally became effective on January 1, 2023. *See* 2021 WI Act 258 (repealing and recreating WIS. STAT. ch. 183); WIS. STAT. § 183.0110(d)(1) (providing an effective date of January 1, 2023 under most circumstances). Because the conduct giving rise to this action occurred from 2019 through 2021, the 2019 version of chapter 183 applies here.

4

ordinary circumstances," a limited liability business entity remains distinct from its owners, and its owners are not personally responsible for the liabilities of the business. *Consumer's Co-op. of Walworth Cnty. v. Olsen*, 142 Wis. 2d 465, 474-75, 419 N.W.2d 211 (1988).

¶8     The City contends that Marek has liability in this forfeiture action because she "operated the rental" of the property to multiple families in violation of single-family zoning ordinances, including signing tenant leases. Although the City fails to specify which law purportedly imposes this liability, presumably the City relies on CITY OF WAUTOMA, WIS., CODE § 66-6(a) (Aug. 8, 2022), which provides in pertinent part that "[i]t shall be unlawful … to use any … building … in violation of" the City's zoning ordinances. It is true that Marek testified at trial that she personally leased the property to tenants, and the City introduced a lease signed by Marek on behalf of the LLC. However, Marek could not have undertaken these acts in her individual capacity; so far as the evidence presented at trial revealed, she was acting only as an LLC member and agent. The LLC was the sole owner of the property, and by operation of law Marek had no individual interest in the property by way of her LLC membership. *See* WIS. STAT. § 183.0701(3) (2019-20) (title to interest in real property acquired in the name of the LLC "shall vest in the limited liability company rather than in the members individually"). That is, the property was not Marek's to lease and therefore, she could not, in her individual capacity, lease the property to tenants, full stop. This includes leasing it in a manner that could have violated the cited zoning ordinances. Accordingly, the allegedly unlawful use of the property here, at least as the City prosecuted the case, was entirely by the LLC, rather than by Marek. A

member of an LLC "does not share the LLC's liabilities solely by virtue of membership." **Pagoudis**, 406 Wis. 2d 542, ¶20.[5] It would be the same if the property here had been owned not by the LLC, but by an individual other than Marek, and Marek had acted as an agent on behalf of that individual. In that hypothetical situation, the defendant with potential liability for violating the zoning ordinances cited in this action, at least as it was pursued by the City, would be the other individual, not Marek.

¶9 To clarify, I do not conclude at a categorical level that the owner of a property is the only individual or entity that can be held liable for a zoning ordinance violation involving that property. Rather, I conclude that, in this case as it was prosecuted, the City failed to show that Marek, in her individual capacity, violated the zoning ordinances when she acted as an agent for the LLC of which she is a member.

¶10 The City relies on CITY OF WAUTOMA, WIS., CODE § 66-6(b) (Aug. 8, 2022), which provides that a zoning ordinance enforcement action may be brought against any "person, firm or corporation who fails to comply." The City may intend to argue that this provision has the effect of extending liability for an ordinance violation by a business entity to any individual owner of the business. The analogy the City may attempt to make here is to laws that deem

---

[5] *See also* **Lower Mount Bethel Twp. v. North River Co., LLC**, 41 A.3d 156 (Pa. Commw. Ct. 2012), which I consider to be persuasive. In that case, a township brought a zoning ordinance enforcement action against the property owner, which was an LLC under Pennsylvania law. *Id.* at 160. Under Pennsylvania law, as under Wisconsin law, an LLC member has no interest in property owned by the LLC. *Id.* The LLC's sole member sought to intervene. *Id.* at 158-59. The intermediate court of Pennsylvania determined that the member could not intervene, reasoning that he "could not have been joined as an original party" in the enforcement action because he "had no interest" in the property and had acted only as "an agent" for the LLC in respect to the property. *Id.* at 160 & n.7.

business owners or agents to be liable for acts of the businesses that they own or represent. *See, e.g.*, WIS. STAT. § 779.02(5) (if a business entity violates the theft-by-contractor statute, that violation "also shall be deemed theft by any officers, directors, members, partners, or agents responsible for the misappropriation."). However, § 66-6(b) of the City's code is not such a law. It merely specifies that business entities, as well as individuals, can be liable for zoning violations. This code provision does not deem a zoning ordinance violation committed by a business entity to be a violation by the owners or agents of that entity. (I put entirely to the side the potentially thorny issue of whether a municipal ordinance could effectively strip away the liability protections created by Wisconsin's LLC law.)

¶11 The City introduced no evidence at trial that Marek individually violated the zoning ordinances. I express no opinion about potential liability in this case if the City had made this attempt. Therefore, as the action was brought and tried, the City could prove that Marek is liable for acts of her business only if an exception to the general rule of limited liability applies. The City fails to make any argument to that effect. For example, limited liability does not apply if a business owner commits a crime on behalf of the business. *See **State v. Kuhn***, 178 Wis. 2d 428, 432, 504 N.W.2d 405 (Ct. App. 1993). But in this case the City brought a forfeiture action and it does not allege criminal conduct. *See* WIS. STAT. § 59.69(11) (zoning ordinances may be enforced by civil forfeiture or injunction actions).

¶12 As another example, limited liability is not a shield against potential liability if an opposing party "pierce[s] the corporate veil" and proves that the business is merely the "alter ego" of the owner. ***Consumer's Co-op.***, 142 Wis. 2d at 482-84. The City contends that it was "undisputed" before the circuit court that

7

"Marek was the one in violation of the code," which the City may intend as a veil-piercing argument. However, a party seeking to pierce the corporate veil must be able to point to evidence establishing relevant factors, which include "failure to observe corporate formalities," "siphoning" of funds from the business to the owner, "and the absence of corporate records." *See Olen v. Phelps*, 200 Wis. 2d 155, 163, 546 N.W.2d 176 (Ct. App. 1996) (citing *United States v. Pisani*, 646 F.2d 83, 88 (3d Cir. 1981)). The City fails to cite any such evidence.

¶13 In sum, the City's approach here was fatally flawed because it completely ignored Wisconsin's LLC law. The City's prosecution of this action failed to show that Marek individually violated the zoning ordinances cited in this forfeiture action or that Marek is liable for any ordinance violation by the LLC. Accordingly, as Marek argued in the circuit court, the City failed to meet its burden to prove its allegations against Marek by a preponderance of evidence. I express no view about other approaches that the City could have taken which might have accomplished its enforcement goals, putting aside the issue of whether the City's single-family residential zoning ordinances are unenforceable against any party under WIS. STAT. § 66.1014.

## CONCLUSION

¶14 For these reasons, I affirm the circuit court's order dismissing the City's civil forfeiture action.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.